Estelle WHITE, Appellant,

v.

The KROGER COMPANY, Respondent.

No. 39380.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 5, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Dec. 18, 1978.

Raymond Howard, St. Louis, for appellant.

Robert C. Ely, St. Louis, for respondent.

SMITH, Judge.

Plaintiff appeals from a judgment of the trial court entered in accord with defendant's motion for directed verdict at the conclusion of the evidence. After trial the jury had returned a verdict for plaintiff in the amount of $2,000. The sole issue before us is whether the evidence was sufficient to warrant submission to a jury. We agree with the trial court that it was not.

Plaintiff, 87 at the time of the accident, slipped and fell while shopping in defendant's store. Her testimony was that she was heading for the meat department after selecting all of her other purchases. There was a large "truck" or dolly in the area, used by the store to replenish supplies. Some employees were or had been (which is unclear) unloading chickens into the meat department and in the area where this activity had occurred or was occurring there was some water on the floor. Plaintiff had not reached this area nor the area in which the truck was located when she slipped on something and fell. After falling she noticed an "oily substance" on the floor and noticed that when she looked at the oil on her black coat "it was dirty."

The liability of a store owner in cases such as this is based upon his superior knowledge of a defective condition on his premises. His liability requires that he have notice of the defective condition, either actual or constructive. If an agent of the owner is responsible for placing the defective condition in an aisle, then the owner is deemed to have actual notice of the condition. If not, then his liability arises if the evidence establishes that the defect has existed for a sufficient length of time to constitute constructive knowledge, in other words, that the store owner should have known of the condition. *Ward v.*

*Temple Stephens Company*, 418 S.W.2d 934 (Mo. 1967) [2–5].

Plaintiff's evidence and submitted theory was that she slipped on an oily substance. There is no evidence to establish how the substance got on the floor or when it got there. In such a situation the evidence and the inferences therefrom are insufficient to establish either actual or constructive knowledge of the store owner. Nor do we find that plaintiff's testimony that "it" (either her coat or the oil) was dirty brings the case within the ambit of *Ryan v. Standard Oil Co. of Indiana*, 144 S.W.2d 170 (Mo.App. 1940), and warrants a finding that the oil had been on the floor for a lengthy period of time. There is a great factual difference between a spot of oil on a floor being dirty and a large amount of ice and snow being encrusted with grease and dirt. In the latter case, it is reasonable to infer that encrustation occurred after the snow landed and over a substantial period to time. Such an inference is not reasonable under the facts here. The court properly sustained defendant's motion for judgment.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, Jr., concur.