Flossie TAYLOR and Jesse C.
Taylor, Appellants,

v.

F. W. WOOLWORTH COMPANY,
Respondent.

No. 40407.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 16, 1980.

Application to Transfer Denied
Feb. 11, 1980.

Samuel A. Goldblatt, William Kirby, St.
Louis, for appellants.

Eugene K. Buckley, St. Louis, for respondent.

DOWD, Presiding Judge.

Appellant Flossie Taylor was injured in respondent's retail store when she slipped upon a pink substance on the floor and fell. Appellants Flossie Taylor and her husband sued respondent and obtained a favorable jury verdict. However, respondent filed an after trial motion for judgment in accordance with respondent's prior motion for directed verdict or, in the alternative, for new trial. The trial court granted respondent judgment notwithstanding the verdict but did not rule on respondent's motion for a new trial.

Appellants' contention upon appeal is that the trial court erred in granting respondent judgment notwithstanding the verdict for failure to prove respondent had actual or constructive notice or knew or should have known of the presence of a foreign substance on the floor. Appellants argue the evidence at trial was sufficient to present a jury issue as to respondent's notice or knowledge. We agree.

█ In determining whether appellants made a submissible case, we consider the evidence in the light most favorable to appellants, accepting as true all facts not unreasonable or impossible, giving appellants the benefit of all reasonable inferences, and disregarding evidence unless it aids appellants' case. *Compare, Zabol v. Lasky*, 555 S.W.2d 299, 304[2] (Mo. banc 1977), *with, Epple v. Western Auto. Supply Co.*, 548 S.W.2d 535, 538[1] (Mo. banc 1977). We state the evidence in view of the foregoing standard. Appellant Flossie Taylor slipped upon a dirty, pink, heel-marked substance on the floor about the size of a 12-inch plate. After she fell, Mrs. Taylor's husband, appellant Jesse Taylor, sought assistance. Mr. Taylor returned to his wife at the same time that a man approached and said either, "I told that janitor to clean this mess up off of this floor," "I told the janitor to clean this mess up," or "I told the man to clean this mess up." The speaker mopped or wiped up the pink substance. Mrs. Taylor gave her name and address to the man who made the aforementioned statement. Respondent's store manager testified he cleaned the pink substance off the floor and participated in questioning Mrs. Taylor in order to prepare a report of the accident which included Mrs. Taylor's name and address. The reasonable inference from the evidence is that respondent's store manager made the statement about cleaning "this mess".

█ The liability of the owner of a store to a business invitee is based upon his superior knowledge of the defective condition upon his premises. The knowledge may be actual or constructive. Actual knowledge may be inferred from the evidence that an agent or employee knew of the dangerous condition. If there is no such showing, there must be evidence that the condition had existed for sufficient length of time to constitute constructive notice, that respondent, in the exercise of ordinary care, should have known of the condition.[1]

█ In the instant case, the evidence and reasonable inferences therefrom establish a jury issue as to whether the respondent,

1. *See, Kelly v. Dairy Queen Enterprises, Inc.*, 581 S.W.2d 903, 905[2] (Mo.App.1979); *see, Wright v. Interco, Inc.*, 567 S.W.2d 149, 151–52[2–5] (Mo.App.1978) (no evidence employees at truck dock knew pallet used as ladder was defective or how long had been used as ladder); *Levin v. Sears, Roebuck & Co.*, 535 S.W.2d 525, 530[4–6] (Mo.App.1976) (no evidence how long light had been burned out); *Pagano v. Kolbrener*, 469 S.W.2d 745, 748[1] (Mo.App.1971) (no evidence defendant had discovered cold air vent in floor dislodged); *Richardson v. Safeway Stores, Inc.*, 379 S.W.2d 827 (Mo.App. 1964); *Brophy v. Clisaris*, 368 S.W.2d 553 (Mo.App.1963) (no evidence defendant had actual knowledge of wet spot on floor by inference from evidence plaintiff's companion saw black man in white coat mopping area 10–15 minutes earlier—defendant leased area of hotel for catering and cocktails); *Zachary v. Kroger, Inc.*, 332 S.W.2d 471, 472–73[1–3] (Mo.App.1960) (submissible case—employee, who didn't know of plaintiff's fall, came and mopped spilled liquid immediately after fall and broken glass and carton had been pushed against counter before fall); *McElroy v. S. S. Kresge Co.*, 244 S.W.2d 425, 427–28[1–3] (Mo.App.1951) (no evidence how long grease or oil on floor had been there).

through its employee the store manager, had actual knowledge of the presence of the pink substance on the floor. *McIntyre v. M. & K. Dep't Store, Inc.*, 435 S.W.2d 737 (Mo.App.1968). Statements by the store manager indicating he had previous knowledge of the existence of "this mess" on the floor are sufficient to present a jury issue. *McIntyre v. M. & K. Dep't Store, Inc., supra.*

Respondent seeks to distinguish the instant case from *McIntyre v. M. & K. Dep't Store, Inc., supra,* upon the basis that the manager's statement in the instant case does not indicate the manager knew of a dangerous condition for sufficient time to warn of or correct the condition. However, the element of time is not as critical in actual knowledge cases as in constructive knowledge cases. *McIntyre v. M. & K. Dep't Store, Inc., supra* at 740. Additionally, respondent relies upon *Uelentrup v. Switzerland Stores, Inc.*, 164 S.W.2d 650 (Mo.App.1942), to argue the manager's statement in the instant case did not specifically refer to a pink substance and therefore cannot be said to refer to that condition. The *Uelentrup* decision, *supra,* involved a manager's statement to an employee in response to the employee's statement someone had slipped on a piece of lettuce. The manager's statement questioned why the employee had not cleaned "it" up as he had been instructed. The statement was made without any indication the manager had even seen the lettuce on which the customer slipped. The statement by the manager could have been construed to have referred to a general order by the manager to the clerk to keep the floor clean at all times of fallen vegetables or debris. Evidently, the employee saw the lettuce after the plaintiff fell.

The manager's statement in the instant case, however, is more clearly directed to the pink substance than was the statement in the *Uelentrup* case. In the case before us, the manager's statement was made as he arrived at the scene of the accident and followed by the manager cleaning the pink substance from the floor. The reasonable inference is that the manager's reference to "this mess" did refer to the pink substance, and that he had knowledge of "this mess" for some time prior to the fall and for a sufficient time to have instructed the janitor to clean up "this mess".

The appellants did make a submissible case upon the issue of respondent's knowledge.

As relief, appellants would have us reverse the trial court's judgment notwithstanding the verdict for the respondent and remand this cause with directions to reinstate appellants' jury verdict against respondent. Respondent contends we should remand the cause to the trial court to consider and act upon respondent's alternative motion for new trial.

■ Although we fully agree with Supreme Court decisions noting piecemeal treatment of alternative motions is disapproved and may be deemed to constitute a waiver of the alternative motion, *Smith v. Old Warson Dev. Co.*, 479 S.W.2d 795, 800–801[10] (Mo. banc 1972); *Medical West Building Corp. v. E. L. Zoernig & Co.*, 414 S.W.2d 287, 295[8] (Mo.1967), we will, "[i]n the interest of justice", remand this cause to the trial court with directions to consider and act upon respondent's motion for a new trial. *Medical West Building Corp. v. E. L. Zoernig & Co., supra,* at [9].

Unlike *Smith v. Old Warson Development Co., supra,* the issues raised in the alternative motion for new trial have not been substantially settled by the appeal from the judgment in accordance with the motion for directed verdict. Paragraphs 1 through 8 of the respondent's motion are directed to the propriety of a directed verdict for respondent upon the evidence before the court. Paragraphs 9 through 20, however, raise different claims of trial error pertaining to admission or exclusion of evidence, instructions given, excessiveness of the verdict, misconduct of appellants and their counsel, and misconduct of a juror.

■ The alternative motion for new trial raises significant issues which have not been decided by the trial court in the first

instance. We are not prepared to find the trial court's right and duty to first consider and act upon issues raised prior to appellate court consideration should be lightly disregarded.[2] The posture of this case does not permit appellate consideration of the issues raised in the alternative motion for new trial nor are we prepared to deprive respondent of judicial consideration of those issues.

We reverse the trial court's order sustaining respondent's motion for a directed verdict notwithstanding the verdict. We remand the cause to the trial court with directions to consider and decide respondent's alternative motion for new trial.

CRIST and REINHARD, JJ., concur.

---

2. Differences between original and appellate consideration of an issue would compel such deference. For example, only the trial court can find bias and prejudice on the part of the jury based solely upon the amount of the verdict. The appellate court must premise a finding of bias and prejudice upon trial error or incident. *Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780, 788[10] (Mo. banc 1977); *Stubbs v. Kansas City Terminal Ry. Co.,* 427 S.W.2d 257, 261[4] (Mo.App.1968).