**Ivie GRANT and James A. Grant, Appellants,**

v.

**NATIONAL SUPER MARKETS, INC., Respondent.**

**No. 42333.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 30, 1980.

David S. Fischer, St. Louis, for appellants.

Kim Roger Luther, St. Louis, for respondent.

CRIST, Presiding Judge.

Slip and fall case. The trial court sustained respondent's (hereinafter "defendant") motion for judgment notwithstanding the verdict on the ground that appellants (hereinafter "plaintiff") failed to prove that defendant had constructive notice of a dangerous condition on defendant's premises at the time of the occurrence. We affirm.

This is an action for damages for personal injuries sustained by plaintiff Ivie Grant (hereinafter "wife") when she slipped and fell on some grapes at defendant's retail store. On June 23, 1977, wife went with plaintiff James A. Grant (hereinafter "husband") and two neighbors to defendant's supermarket to shop for groceries. Defendant's supermarket sells general groceries, including grapes which were sold in the produce aisle.

While walking down an aisle other than the produce aisle, wife slipped and fell. She had stepped on five or six dark grapes. Wife saw the grapes approximately fifteen to twenty minutes prior to her fall but had forgotten about them at the time of her fall. Husband also saw the grapes fifteen to twenty minutes prior to wife's fall.

After her fall, two young men came over to wife and told her to go to the office. They also kicked the grapes under the counter. The identity of the two boys was not established. Wife went to the office, talked to one of the store managers and filled out a report.

■ In determining whether a submissible case was made by plaintiffs, we must consider the evidence in a light most favorable to plaintiffs, accepting as true all that is not entirely unreasonable or contrary to physical facts or natural laws and give the plaintiffs a benefit of all favorable inferences that reasonably may be drawn from such evidence. *Epple v. Western Auto Supply Co.*, 548 S.W.2d 535, 538 (Mo. banc 1977); *Taylor v. F.W. Woolworth Company*, 592 S.W.2d 210, 211 (Mo.App.1980). Any evidence unfavorable to plaintiffs must be disregarded. *Bateman v. Rosenberg*, 525 S.W.2d 753, 755 (Mo.App.1975).

A storekeeper is not liable to his invitee for injury resulting from a dangerous and unsafe condition of a store absent evidence that the storekeeper had knowledge, actual or constructive, of the condition in sufficient time to have remedied it before the occurrence of the injury. *Robinson v. Great Atlantic & Pacific Tea Co.*, 347 Mo. 421, 147 S.W.2d 648, 649 (1941); *Taylor, supra*, at 211; *White v. Kroger Co.*, 573 S.W.2d 375, 376 (Mo.App.1978).

The question presented for review is whether or not plaintiff made a submissible case on the issue of defendant's knowledge. Sufficient time to establish a submissible case of constructive knowledge requires evidence that (1) defendant could or should have known of the condition and (2) defendant could have remedied the condition.

The grapes had been on the floor at least twenty minutes prior to wife's fall. Was this twenty minute period, absent proof of other circumstances, insufficient as a matter of law to establish constructive notice? Fifteen minutes has been determined to be insufficient as a matter of law to establish constructive notice. *Brophy v. Clisaris*, 368 S.W.2d 553, 558 (Mo.App.1963). Following *Brophy*, and the above mentioned cases, we hold that proof the grapes were on the floor for twenty minutes, absent other circumstances, was insufficient constructive notice as a matter of law.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.