**Donald CARRAWAY, Respondent,**

v.

**NATIONAL SUPER MARKETS,
INC., Appellant.**

**No. 52623.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 29, 1987.

Arthur H. Nissenbaum, Pamela M. Triplett, Ann E. Hamilton, St. Louis, for appellant.

Don B. Sommers, Prudence W. Kramer, St. Louis, for respondent.

CRIST, Judge.

National Super Markets, Inc. (supermarket) appeals from a $5,000 jury verdict and judgment awarded plaintiff in his suit for damages from injuries received when he slipped and fell in a National grocery store. We reverse.

On March 30, 1987, Richard Mueller was the assistant manager at the National in Spanish Lake, Missouri. His duties included checking the aisles and keeping them clean. He checked the store at 7:30 p.m. on March 30, 1987, by walking across the front and back of the store and looking down the aisles. He did not walk up and down each aisle. He saw nothing unusual. The store had been cleaned and the floor mopped at 6 p.m.

The Spanish Lake National had fourteen aisles. At the end of aisle three there was a counter with loose candy that could be taken out and bagged by customers. At about 7:45 p.m. plaintiff entered the store. At about 8:00 plaintiff walked down aisle three, picked up some apple juice and returned up the aisle. As plaintiff approached the end of the aisle, he felt something under his foot and he fell.

Another customer heard plaintiff fall and, at about the same time, observed a piece of hard candy go by on the floor. Plaintiff testified that as he tried to get up two women came over to offer their assistance, then the assistant manager arrived and got him a chair. He further testified that as he sat resting, people walked by and stared at him. Plaintiff's family came and took him to the hospital.

Supermarket argues the trial court erred in denying its motion for Judgment Notwithstanding the Verdict because plaintiff failed to establish either a dangerous condition or that supermarket had constructive notice of any dangerous condition. Supermarket also appeals from the trial court's ruling on its objection to plaintiff's closing

**896**

argument. We find no constructive notice, thus we do not need to address supermarket's other points.

■ Supermarket is not liable to plaintiff unless there was evidence the assistant manager could have known of the dangerous condition in sufficient time to have remedied the situation. *Grant v. National Super Markets, Inc.*, 611 S.W.2d 357, 359 [2, 3] (Mo.App.1980). In *Grant* we held, as a matter of law, twenty minutes was insufficient to establish constructive notice of grapes on the floor. *Id.* [4]. Plaintiff's evidence showed the assistant manager checked the aisle by looking down the aisle from either end. Plaintiff fell at the end of the aisle thirty minutes after the assistant manager checked the aisle. The fall was in close proximity to the point from which the aisle was checked. At the time of the fall there were by plaintiff's testimony at least three other customers not only in the store but in the general area of the fall. It cannot be presumed there were no other customers in the area during the thirty minutes between the time the assistant manager checked the store and plaintiff fell.

Plaintiff's reliance on *Alvey v. Sears, Roebuck & Co.*, 360 S.W.2d 231 (Mo.1962), and *Burns v. Schnuck Markets, Inc.*, 719 S.W.2d 499 (Mo.App.1986) is misplaced. In *Alvey* the store manager was walking down the aisle fifteen feet in front of a customer when she fell on a marble that was in the aisle and the court found the jury could have found the manager should have seen the marble. 360 S.W.2d at 235–36. In *Burns* an employee of the store placed a shopping cart in an area from which customers were supposed to take carts, and we held the store had knowledge of the wobbly condition of the wheels on the cart. 719 S.W.2d at 501.

In the case at bar there was no evidence the object plaintiff fell on was present when the manager checked the store, only a half hour had elapsed, and at least three customers were in the area after the manager checked the area. The evidence in

plaintiff's case was insufficient to prove supermarket had constructive notice of any candy on the floor of the store.

Judgment reversed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.