Norma ELMORE, Appellant,

v.

WAL–MART STORES,
INC., Respondent.

No. 58864.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 21, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 19, 1991.

Patrick Daniel Billington, Union, for appellant.

Lisa Green, Stefan J. Glynias, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Norma Elmore, appeals from a summary judgment entered in favor of respondent, Wal–Mart Stores, Inc., on both counts of appellant's two-count petition. When reviewing the grant of a motion for summary judgment, we scrutinize the record below in the light most favorable to the party against whom summary judgment was granted and accord that party the benefit of every doubt. *Spuhl v. Shiley, Inc.*, 795 S.W.2d 573, 574 (Mo.App., E.D.1990). The facts in our case, when viewed most favorably to appellant, reveal the following.

On June 5, 1988, appellant went shopping at the Pacific, Missouri Wal–Mart retail store. Appellant was shopping in the fabric department of the store. The fabric department often has an employee working at a counter in the department or nearby. As appellant was shopping, she stepped on a partially opened pack of breath mints which were on the floor. Nothing in the record suggests that any employees were within sight of appellant or the area at the time of her fall. Appellant claims to have sustained personal injuries as a result of this incident.

Approximately one week later, appellant contacted respondent's home office to inquire whether respondent would pay for the medical bills she incurred as a result of her fall. Appellant was told by two different representatives of respondent that her medical bills would be paid for.[1] When no payment was forthcoming, appellant filed her petition against respondent on May 19, 1989.

Linda Moss, an employee of respondent, stated in an affidavit in support of respondent's motion for summary judgment that she was working in the fabric department of respondent's store while appellant was shopping. She further stated that she had cleaned and straightened the area near and around the "remnants table" located in the fabric department, prior to taking a break that evening. She also said that she inspected the area surrounding this table just prior to leaving for her break and the area was clear of all debris or articles.

Appellant fell in the area that Linda Moss had cleaned and straightened about five minutes after Linda Moss left to go on break. There is absolutely no evidence in the record with which to infer how the partially opened breath mints came to rest on the floor.

Appellant's petition contains two counts. Count one is based on negligence and alleges that respondent failed to use reasonable care to remove the breath mints or to warn of the presence of the breath mints which, it is alleged, respondent should have known were on the floor. Count two is a breach of contract claim which alleges that respondent breached its promise to pay for appellant's medical bills.

On May 7, 1990, respondent filed its motion for summary judgment. After both parties filed suggestions and affidavits in support of their respective positions, the court, on July 12, 1990, granted respondent's motion for summary judgment regarding both counts of appellant's petition. We will address each count separately.

In regard to count one, the trial court concluded that it was not "reasonably foreseeable," as a matter of law, that a partially opened pack of breath mints would be lying in the fabric department of respondent's store, a mere five minutes after the area had been inspected. A store keeper is not liable to a business invitee for injury resulting from a dangerous or unsafe condition of the premises, absent evi-

---

1. Our review mandates that we afford appellant the benefit of respondent's agents' promise to pay. However, we note that both of these representatives stated in affidavits that they promised only to review her records in order to determine whether appellant would be reimbursed. The representatives denied promising appellant payment of her medical bills.

dence that the storekeeper had actual or constructive knowledge of the condition in time to have remedied the condition prior to the injury. *Grant v. National Super Markets, Inc.,* 611 S.W.2d 357, 359 (Mo.App., E.D.1980). In order to establish constructive notice, the condition must have existed for a sufficient length of time or the facts must be such that the defendant should have reasonably known of its presence. *Vinson v. National Super Markets, Inc.,* 621 S.W.2d 373, 375 (Mo.App., E.D.1981).

Past cases have placed great emphasis on the length of time the dangerous condition, in our case the mints, had been present prior to the accident. In *Grant,* the plaintiff slipped and fell on five or six dark grapes which had been laying in an aisle for approximately twenty minutes. This court held that this twenty minute period, absent proof of other circumstances, was insufficient constructive notice as a matter of law. *Grant,* 611 S.W.2d at 359. Indeed, in *Carraway v. National Super Markets, Inc.,* 741 S.W.2d 895 (Mo. App., E.D.1987), this court found that a piece of candy, upon which plaintiff slipped one-half hour after the aisle had been checked by a store manager, did not present a submissible question of constructive notice. *Carraway,* 741 S.W.2d at 896.

However, the importance of time has recently been greatly diminished by the Missouri Supreme Court. In *Sheil v. T.G. & Y. Stores Company,* 781 S.W.2d 778 (Mo. banc 1989), the plaintiff entered the defendant's retail store in order to purchase a gasoline additive for his truck. While searching the aisles for the additive, the plaintiff tripped over a small box of motor oil which was in the aisle away from a floor display which consisted of a stack of similar boxes. *Sheil,* 781 S.W.2d at 779. Our court reversed a verdict in plaintiff's favor, finding that there was no evidentiary basis for an inference that the box had been in the aisle for a sufficient length of time to constitute constructive notice to the store owner. *Id.*

The Missouri Supreme Court reversed the appellate decision and established a less restrictive test in cases involving the "self service" type store which is typical in modern retail merchandising. *Id.* at 780. The court explained the rationale behind relaxing the facts necessary to present a submissible jury question of constructive notice and explained its new test as follows:

> The customers are invited to traverse the aisles and to handle the merchandise. The storeowner necessarily knows that customers may take merchandise into their hands and may then lay articles that no longer interest them down in the aisle.... The storeowner, therefore, must anticipate and must exercise due care to guard against dangers from articles left in the aisle.
>
> Past cases have placed great emphasis on the length of time the dangerous item has been in the area in which the injury occurs.... By our holding, the precise time will not be so important a factor. More important will be the method of merchandising and the nature of the article causing the injury.
>
> ▮ Here it is reasonable to infer that the box contained merchandise that the store held for sale in the area in which the plaintiff fell. The testimony of the manager and the assistant manager arguably indicates some recognition that an employee of the store may have placed the box in a place where it should not have been, but our conclusion does not depend on this precise finding. The jury might just as well infer that a customer picked up the box and then, having lost interest in making a purchase, set it on the floor. Customers who are invited to handle merchandise assume part of the work previously performed by store employees and present an additional danger. The box in the aisle was a dangerous, foreseeable condition, and the store had the duty to use due care to protect customers against dangers of this kind. The jury could find from the evidence that the defendant had breached this duty.

*Id.* at 780–81.

The Supreme Court went on to quote approvingly from a case out of the Court of Appeals of Washington.

It is common knowledge that the modern merchandising method of self-service poses a considerably different situation than the older method of individual clerk assistance. It is much more likely that items for sale and other foreign substances will fall to the floor. Clerks replenish supplies by carrying them through the area the customer is required to traverse when selecting items. Customers are naturally not as careful in handling the merchandise as clerks would be. They may pick up and put back several items before ultimately selecting one. Not unreasonably they are concentrating on the items displayed, which are usually arranged specifically to attract their attention. Such conditions are equally typical of self-service restaurants and the most common self-service operation, the modern supermarket.

An owner of a self-service operation has actual notice of these problems. In choosing a self-service method of providing items, he is charged with the knowledge of the foreseeable risks inherent in such a mode of operation.

*Ciminski v. Finn Corp.*, 13 Wash.App. 815, 537 P.2d 850, 853 (1975).

In *Moss v. National Super Markets, Inc.*, 781 S.W.2d 784 (Mo. banc 1989), which was decided concurrently with *Sheil*, the plaintiff slipped and fell on green liquid which was on the parking lot, just outside of the store. The store had been open for at least one hour. The Missouri Supreme Court noted that *Moss*, unlike *Sheil*, involved an incident occurring outside a self-service store and involved a substance which was not merchandise of a type handled by the store. *Moss*, 781 S.W.2d at 785. The plaintiff argued that a submissible case was made on the question of constructive notice since there were footprints, other than the plaintiff's, in the green liquid.

The Supreme Court stated that, under the prior cases which relied heavily on the length of time the dangerous condition had existed, the facts of the *Moss* case were insufficient to show constructive notice to the store owner. *Id.* However, the court

further noted that under *Sheil*, the time periods "may not be so important as they once were, especially if the evidence shows that employees of the store were regularly in the area in which the accident occurred." *Id.* at 785–86. Since in *Moss* there was no evidence with which to determine whether employees were regularly in the area, the Supreme Court remanded the case for a new trial to allow the plaintiff to develop such evidence. *Id.*

Armed with these considerations, we will now address the propriety of the court's grant of summary judgment regarding count one of appellant's petition. Our review requires that we determine whether there exists a genuine issue of material fact and, if not, whether the prevailing party was entitled to a judgment as a matter of law. *Spuhl*, 795 S.W.2d at 577. Our question centers on the issue of constructive notice.

While the holdings of *Sheil* and *Moss* apply to the case at bar, the facts of these two cases are materially different. In *Sheil*, the box which caused the plaintiff's fall contained merchandise normally sold by the store which was in the area of the store where these particular items were offered for sale. These circumstances convinced the court that the store owner could foresee that one of the boxes could be moved into harms way, whether by the actions of an employee or a customer.

In *Moss*, the court held that a submissible case could, conceptually, be made even though the dangerous condition involved a non-merchandise item outside of the premises. The court determined, however, that in order to do so, evidence was needed showing the store's method of operation, indicating whether or not employees were "regularly in the area where the accident occurred." *Moss*, 781 S.W.2d at 786.

In our case, the breath mints involved were not regularly merchandised either partially opened nor in the fabric department. The foreseeability present in *Sheil* regarding the box of motor oil cannot be said to be present here. Therefore, *Moss* is more close on point since the spill in *Moss*, though outside of the store, was not an

item regularly merchandised by the store. *Moss*, 781 S.W.2d at 785.

Our facts do not present a genuine issue of material fact. While *Sheil* and *Moss* greatly contracted the role of time in determining whether constructive notice exists, they did not eliminate time as a factor. Appellant does not dispute the fact that the breath mints were on the floor for merely five minutes, nor is it disputed that respondent assigns an employee to the fabric department. It is also clear that the employee inspected the area in question just five minutes before the accident and stated by affidavit that the area was free from debris.

In *Moss*, the method of operation was not presented. In our case, the method was undisputed and fatal to appellant's cause. Considering the nature of the article involved, its location in an area of the store which did not regularly sell such items, the modus operandi of the store in which an employee inspected and cleaned the area five minutes before the accident and considering the fact that the accident occurred a mere five minutes after this employee had inspected the area and found it to be clear, we find that the respondent cannot, as a matter of law, be found to have constructive notice of the existence of the dangerous condition. The grant of summary judgment regarding count one is affirmed.

■ Turning our attention to the grant of summary judgment on count two, we also affirm the trial court's judgment. Appellant's petition claims that respondent breached its contract to reimburse her for medical expenses. Appellant's claim is premised solely upon the fact that, according to appellant, two of respondent's claims representatives told appellant that respondent would cover appellant's medical expenses.

Appellant, in her brief to this court and in her suggestions in opposition to respondent's motion for summary judgment, argues that the consideration for the alleged contract was appellant's forbearance of filing a lawsuit for her injuries. A benefit to a promisor or detriment to a promisee is sufficient to constitute consideration. *Marshall v. Edlin*, 690 S.W.2d 477, 480 (Mo.App., W.D.1985). Moreover, the compromise of a doubtful claim is good consideration for a contract. *Hauk v. First National Bank of St. Charles*, 680 S.W.2d 771, 775 (Mo.App., E.D.1984).

However, in the case at bar, appellant's petition does not contain an averment that any consideration flowed between her and respondent. The portion of appellant's deposition which was provided to our court, indicates that the only request appellant made of respondent's representatives was that they pay her expenses. Nowhere does appellant state that she offered to forego her lawsuit.

A party confronted with a motion for summary judgment which is supported by affidavits, as in our case, must set forth specific facts showing that there is a genuine issue of fact for the jury. *Spuhl*, 795 S.W.2d at 577. In response to the motion for summary judgment and its supporting affidavits, appellant submitted an affidavit in which appellant stated that Ms. Pendergass and Ms. Rose, respondent's representatives, told her that respondent would pay for her medical bills and lost wages. Appellant did not present facts in response to respondent's summary judgment motion or affidavits which presented a genuine issue regarding the existence of consideration. The trial court properly so held in granting summary judgment on count two.

Affirmed.

CRIST and AHRENS, JJ., concur.