**Alma HAMMOND, Plaintiff–Appellee,**

v.

**WAL–MART STORES, INC., Defendant–Appellant.**

No. 91–3382.

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided Aug. 3, 1992.

James E. Whaley and T. Michael Ward, St. Louis, Mo., for defendant-appellant.

Charles F. James and Jack J. Adams, Wentzville, Mo., for plaintiff-appellee.

Before RICHARD S. ARNOLD, Chief Judge, ROSS, Senior Circuit Judge, and LOKEN, Circuit Judge.

PER CURIAM.

In this diversity suit, the jury returned a verdict of $76,000 in favor of seventy-nine year-old Alma Hammond for injuries she sustained when she slipped and fell in the aisle of a Wal–Mart store in Troy, Missouri. Defendant Wal–Mart Stores, Inc., appeals the district court's[1] denial of its motion for judgment notwithstanding the verdict. We affirm.

On the day in question, the store's assistant manager and a stockboy were hanging smooth, slippery, three-by-five-foot advertising signs in a heavily travelled shopping aisle. The stockboy was called away to clear shopping carts from the parking lot. The assistant manager left to find a ladder and was diverted to another part of the store. Before leaving, the assistant manager leaned the signs against a table after finding them too slippery to stand on the table. While unattended for approximately five minutes, the signs fell to the aisle floor, where Hammond slipped on one and fell.

Wal–Mart argues on appeal, as it did to the district court, that a storeowner's liability under Missouri law must be predicated upon superior knowledge of a dangerous condition, here, slippery signs lying in a shopping aisle. Hammond failed to prove Wal–Mart had actual knowledge of this condition before she fell, and constructive notice did not exist as a matter of law because the condition existed only five minutes in the aisle of a self-service store. Wal–Mart urges us to disregard as incorrect our statement in *Spencer v. Kroger Co.*, 941 F.2d 699, 705 (8th Cir.1991), that Missouri courts "no longer adhere to the 'length of time' rule for slip and fall cases." Rather, Wal–Mart suggests, the Missouri courts distinguish between merchandise held for sale, which the storeowner is presumed to know can migrate to where it may cause falls, as in *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778 (Mo. banc 1989); and other, less predictable items which must be on the floor long enough for the storeowner to acquire notice of the danger, like the package of breath mints in *Elmore v. Wal–Mart Stores, Inc.*, 812 S.W.2d 178 (Mo.App.1991).

1. The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

Unlike the breath mints in *Elmore*, the dangerous condition here was created by Wal–Mart's employees, who left the slippery signs leaning against a table unattended in the busy shopping aisle. This created a condition that a jury could reasonably conclude was foreseeably dangerous. This brings the case within the Missouri Supreme Court's decision in *Sheil* and our decision in *Spencer*, where the customer slipped on cleaning solution being used to scrub the store's floor. *See also Forrest v. Schnucks Markets, Inc.*, 791 S.W.2d 447, 450 (Mo.App.1990). Therefore, Hammond presented sufficient evidence to submit her case to the jury, and Wal–Mart's motion for judgment notwithstanding the verdict was properly denied.

Accordingly, we affirm. *See* 8th Cir. Rule 47B.