ROBINSON, J., concurring in part and dissenting in part.
¶ 44. I cannot join the majority's conclusion that defendant, as the property owner, can be held liable pursuant to the common law of premises liability for injuries resulting when a roofer climbed onto a frost-covered roof, stripped of shingles and covered with underlayment, thereby encountering dangers that were obvious and acknowledged by plaintiff before he climbed onto the roof. The majority's analysis suffers from two critical flaws: First, it misconstrues the scope of a landowner's common law duties concerning the condition of the premises in circumstances like this. Second, it rests on the assertion that defendant's familial relationship with plaintiff gave defendant "authority" over plaintiff such that defendant was legally accountable as landowner for plaintiff's choices.
¶ 45. With respect to the scope of defendant's common law duties as a matter of premises liability law, it cannot be the case that a roofer who has stripped a roof of shingles and voluntarily climbs on to an obviously frost-covered underlayment can sue the property owner on account of the dangerous condition of the roof. In general, a possessor of land has no duty to protect an invitee from obvious dangers known to the invitee. The majority's understanding of the exception to this rule is not grounded in the reasoning of the Restatement, and would impose on a landowner the incongruous duty to a professional roofer to eliminate dew and frost from the stripped underlayment of the roof of the landowner's home. Such a duty would make no sense because a roofer who has stripped the shingles from the roof and is in the middle of working on it is in a far superior position to the landowner to assess the risks of working on the roof and take measures to mitigate or avoid the *759 risk. The reality is, plaintiff's claim here is not a premises liability claim at all; it does not rest on any evidence or argument that defendant is liable for unreasonably dangerous conditions on the premises, but instead hinges on the fact that defendant urged plaintiff to do something dangerous.
¶ 46. The two Restatement sections relied upon by the majority affirm that a landowner ordinarily has no duty to protect an invitee from obvious dangers. Section 343 of the Restatement (Second) of Torts provides that a possessor of land is subject to liability for physical harm caused to invitees by a condition on the land, but only if the possessor (a) knows or should discover the condition, and should realize that it involves an unreasonable risk of harm to invitees, (b) "should expect that they will not discover or realize the danger, or will fail to protect themselves against it," and (c) fails to exercise reasonable care to protect them against the danger. Restatement (Second) of Torts § 343 (1965). Section 343A elaborates, explaining that a possessor of land is not liable to invitees "for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Id. § 343A.
¶ 47. The common law exception to this general rule imposes liability on the landowner in certain circumstances in which the landowner should anticipate the harm notwithstanding the obviousness of the danger. Both §§ 343 and 343A contemplate that a landowner may be liable for injuries to invitees who encounter a known and obvious danger if the landowner should expect that the invitees would not discover or realize the danger, or would not protect themselves. As the commentary explains, in the ordinary case, "an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers" the invitee will encounter on the property. Id.§ 343A cmt. e. However, there are "cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger." Id.§ 343A cmt. f.
¶ 48. The Restatement explains that this exception applies where the landowner has reason to expect that the invitee may be distracted or may forget the obvious danger. Id. It provides the following examples:
2. The A Department Store has a weighing scale protruding into one of its aisles, which is visible and quite obvious to anyone who looks. Behind and about the scale it displays goods to attract customers. B, a customer, passing through the aisle, is intent on looking at the displayed goods. B does not discover the scale, stumbles over it, and is injured. A is subject to liability to B.
3. The A Drug Store has a soda fountain on a platform raised six inches above the floor. The condition is visible and quite obvious. B, a customer, discovers the condition when she ascends the platform and sits down on a stool to buy some ice cream. When she has finished, she forgets the condition, misses her step, falls, and is injured. If it is found that this could reasonably be anticipated by A, A is subject to liability to B.
4. Through the negligence of A Grocery Store a fallen rainspout is permitted to lie across a footpath alongside the store, which is used by customers as an exit. B, a customer, leaves the store with her arms full of bundles which obstruct her vision, and does not see the spout. She trips over it, and is injured. If it is found that A should reasonably have *760 anticipated this, A is subject to liability to B.
Id.§ 343A illus. 2-4.
¶ 49. The exception also may apply where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because a reasonable person would conclude that the advantages of doing so would outweigh the apparent risks. Id. § 343A cmt. f. For example:
5. A owns an office building, in which he rents an office for business purposes to B. The only approach to the office is over a slippery waxed stairway, whose condition is visible and quite obvious. C, employed by B in the office, uses the stairway on her way to work, slips on it, and is injured. Her only alternative to taking the risk was to forgo her employment. A is subject to liability to C.
Id.§ 343A illus. 5.
¶ 50. This case clearly does not fall within the first class of cases subject to the exception. This is not a case in which plaintiff alleges that he forgot about the danger of the frost-covered roof because he was distracted or failed to remember the danger. Even considering the evidence in the light most favorable to plaintiff, he recognized the danger presented by the frost-covered roof and was planning to stop working for the day. These circumstances are nothing like those in which an invitee can reasonably be expected to be distracted from or forget about an obvious danger.
¶ 51. Nor does this case fall within the second kind of exception described in the Restatement involving risks a reasonable person would encounter because the advantages outweigh the disadvantages. A property owner should not expect that a reasonable roofer, mid-job, will climb on to a frost-covered, underlayment-clad roof despite the obvious and recognized dangers.
¶ 52. If we held otherwise, it is difficult to imagine what the landowner's duty would be in this case. It clearly isn't a duty to warn, because there is no dispute that plaintiff was fully on notice of the danger. But if a landowner's premises are unreasonably dangerous because in the middle of a roofing job a coating of dew and early frost settles on the underlayment remaining on the otherwise-stripped roof, how is the landowner to prevent that danger? The roof is not like an excessively slippery waxed stairway that the landowner can strip and refinish with a more textured coating. Nor is it like a slippery ship's deck lacking the customary cover of sufficient plywood for workers to stand on, see ante, ¶20 (citing Lubrano v. Royal Neth. S.S. Co., 572 F.2d 364 (2d Cir. 1978) ), or unsecured plywood boards under a longshoreman's feet, see ante, ¶19 (citing Napoli v. Hellenic Lines, Ltd., 536 F.2d 505 (2d Cir. 1976). In contrast to the cases relied on by the majority, there is no claim here that landowner failed to take reasonable steps to make the roof itself safer. The landowner is not in a position to prevent the frost or to eliminate it from the roof.
¶ 53. If anything, a roofer who has been and will continue to work on the roof, rather than the landowner, is in a far superior position to take steps to prevent, mitigate, or eliminate the danger from the frost on the roof. The general risk of a stripped, wet roof is peculiarly within the knowledge of a professional roofer and not necessarily a landowner. Courts have generally rejected similar claims. For example, where a plaintiff, who was an equipment mechanic working as an independent contractor, was injured when his ladder slipped on the greasy floor in the defendant business's rendering plant, the Missouri Supreme Court ruled that the defendant *761 had no duty to the plaintiff relative to the slippery floor. Hokanson v. Joplin Rendering Co., 509 S.W.2d 107 (Mo. 1974). After discussing the fact that the property owner had no superior knowledge to the mechanic with respect to the dangers, the court explained:
The ordinary care which an invitee must exercise to know and apprehend danger ... on premises to which [the invitee] is invited must be considered in the light of the unusual circumstances surrounding cases such as this, where the invitee is actually in charge of the operation in which he is engaged, has control over the area of the premises where he is injured, is an experienced and skilled workman following his own devices in performing the work he has undertaken, and knows and appreciates the dangers involved in the use of ladders on a greasy floor .... In such case he is expected to employ his superior skill and knowledge to avoid injury to himself.
Id. at 114 (quotation omitted); see also Kelly v. Dairy Queen Enters., Inc., 581 S.W.2d 903, 906 (Mo. Ct. App. 1979) (holding that defendant restaurant owner had no legal duty to plaintiff, an independent contractor repairman, relative to danger of ladder slipping in snow, where plaintiff was experienced service provider using his own equipment and following his own devices and defendant had no superior knowledge with respect to state of ground under snow).
¶ 54. Similarly, the Indiana Court of Appeals concluded that a business property owner had violated no duty to the employee of an independent contractor who was injured when falling from atop a tanker trailer while loading sludge from defendant's business into trucks. Armstrong v. Cerestar USA, Inc., 775 N.E.2d 360, 372-73 (Ind. Ct. App. 2002). The court noted that the business property owner had no role in the loading of the sludge material into tankers, and the independent contractor that employed the plaintiff controlled the site and the employees. Id. On that basis, the court concluded that the defendant property owner did not have superior knowledge with regard to the potential danger of a person falling from atop a tanker trailer while loading sludge and could not be held liable on a premises liability theory. Id.
¶ 55. The reality is, this is not really a premises liability case at all. That is, plaintiff's claim is not really predicated on unreasonably dangerous conditions of the premises. This Court faced a similar circumstance in connection with a case in which a contractor's employee sued a property owner after falling on a dirt mound serving as an access ramp to the contractor's trailer. Gero v. J.W.J. Realty, 171 Vt. 57, 757 A.2d 475 (2000). The Court reasoned that the dirt mound was not a "condition of land," but was a means chosen by the contractor to access its trailer. Id. at 63, 757 A.2d at 479. Here, the roof was stripped of shingles in the context of an ongoing project, and was covered with morning dew and early frost. The heart of plaintiff's claim is not that defendant had the means and duty to prevent the roof from being slippery under these circumstances. Nor is it that he didn't appreciate the dangers. Plaintiff's claim is that his grandfather goaded him into doing something dangerous, and he was injured as a result. This isn't a premises liability claim. It is not tied to defendant's status as landowner, or a breach of any duty with respect to the condition of the land, but, rather, is tied to defendant's conduct in urging him to climb on the roof.
¶ 56. That brings me to my second objection to the majority opinion: It hinges on defendant's asserted "position of authority"
*762 over plaintiff. See ante, ¶13. To the extent that authority arises from defendant's position as direct or "statutory employer" of plaintiff pursuant to the workers' compensation laws, plaintiff's theory is encompassed in his separate claim that he was injured in the workplace and defendant is liable as his employer. But in connection with the premises liability claim, the argument seems to be that by virtue of his personal grandfather-grandson relationship with plaintiff, defendant was in a position of authority over plaintiff that impacted defendant's duties as a property owner. As noted above, it's hard to understand how such a relationship would be relevant to a true premises liability claim. But the majority's reliance on this relationship is troubling for another reason. Plaintiff was undisputedly a mature, twenty-seven-year-old man at the time of the accident. There is no evidence that he was not competent, or had a special, cognizable vulnerability. If there is a tort theory that supports liability when a defendant urges another competent adult to undertake dangerous activity, plaintiff has not pled or argued it.
¶ 57. For these reasons, I dissent from the majority's analysis of the premises liability claim. I would affirm that claim. I concur in the majority's analysis of the trial court's denial of plaintiff's motion to amend his complaint and join the majority decision reversing that order.
¶ 58. I am authorized to state that Justice Eaton joins this dissent.