Sylvia VINSON, Plaintiff-Respondent,

v.

**NATIONAL SUPER MARKETS, INC.,**
**Defendant-Appellant.**

**No. 42311.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 1, 1981.

Daniel E. Reuter, Peter R. Thompson, Jr., St. Louis, for defendant-appellant.

Warren Davis, Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiff seeks to recover damages for personal injuries sustained when she slipped and fell at defendant's grocery store in St. Louis County. A jury returned a verdict in favor of plaintiff and awarded $1,250 in damages. Defendant appeals.

On August 25, 1976, plaintiff drove to defendant's grocery store in order to purchase a birthday cake for a friend. Approaching the entrance to the store, plaintiff noticed a security guard standing near the display window approximately 10 feet behind the automatic glass doors. Plaintiff entered the store and walked five or six steps forward before turning right. Plaintiff passed through a wrought iron gate, which is the entrance to the main shopping area, and then took four to five steps when she slipped and fell in an area where a bottle of Pinesol had shattered. Plaintiff fell on her tailbone and sustained cuts from the broken glass. The security guard, an employee of Dana Photo Service who was stationed in the front of the store to advertise her employer's film to defendant's customers, and defendant's store manager came to the aid of plaintiff after the fall. Plaintiff was treated at DePaul Hospital as an out-patient and was released later that evening.

■ Defendant contends that the trial court erred in denying its motion for judg-

ment notwithstanding the verdict because plaintiff failed to present sufficient evidence to submit the question of negligence to the jury. When determining the submissibility of a case, this court must consider the evidence in the light most favorable to the plaintiff and the benefit of all inferences that can reasonably be drawn therefrom. *Brophy v. Clisaris*, 368 S.W.2d 553 (Mo.App. 1963). As a business visitor of the defendant, plaintiff is afforded the legal protection of an invitee. "The owner or occupier is not an insurer of the business invitee's safety, and the basis of his liability is his superior knowledge of an unreasonable risk of harm which the invitee in the exercise of ordinary care, does not or should not know." *Harbourn v. Katz Drug Company*, 318 S.W.2d 226 (Mo. 1958).

■ In order to establish negligence, the plaintiff is required to show that defendant had either actual or constructive knowledge of the hazardous condition. Defendant is generally deemed to have actual notice if it is affirmatively shown that an agent of the defendant was aware of the existing danger. *Ward v. Temple Stephens Company*, 418 S.W.2d 935 (Mo. 1967). To constitute constructive notice, evidence must be presented that the hazard existed for a sufficient length of time, or that the defendant reasonably should have known of its presence. *Ward, supra.*

■ In the present case, plaintiff contends that the defendant had notice of the dangerous condition because the security guard and photo service employee were near the shattered bottle of Pinesol. Assuming arguendo that the security guard and photo service employee were agents of the defendant, the plaintiff presented no evidence that these persons or any other of defendant's agents had knowledge of the presence of any foreign substance on the floor. The evidence reveals that the security guard and the photo service employee were in the general vicinity of the shattered bottle before the accident and that both of them came rushing to the aid of the plaintiff after she had fallen, but this evidence cannot be used to impart knowledge of the hazard to the defendant prior to the accident. Any inference that the security guard and photo service employee heard the bottle shatter or knew of its presence because they were in the area is mere speculation.

■ Plaintiff asserts that if the security guard or the photo service employee did not hear the shattering of the Pinesol bottle, then the presence of the danger for a sufficient period of time can be reasonably inferred. Plaintiff's alternative hypothesis is untenable since no affirmative evidence was proffered establishing the length of time the dangerous condition existed. Plaintiff's theory does not avoid the reasonable inferences that the din attending the shattering of the bottle might not have been loud enough to be heard by any of defendant's employees or agents or that the security guard or photo service employee were not present when the bottle shattered but arrived shortly thereafter. Neither of these inferences provide any certainty as to the length of time the Pinesol was on the floor, but leaves the question open to conjecture.

Although there was testimony that it was the general duty of defendant's employees to be on the look out for potential hazards, there is no evidentiary basis for the inference that any of defendant's employees negligently failed to discover the dangerous condition, remedy the situation, or warn plaintiff. Therefore, the trial court erred in failing to enter judgment for defendant on its motion. The judgment is reversed.

Reversed.

WEIER and GUNN, JJ., concur.