**Kathy Suzette PRIER and Jerry Wayne Prier, Plaintiffs-Appellants,**

v.

**SMITTY'S SUPERMARKETS, INC., Defendant-Respondent.**

No. 14559.

Missouri Court of Appeals, Southern District, Division One.

Sept. 3, 1986.

Bert V. Twibell, Ben K. Upp, Springfield, for plaintiffs-appellants.

Glenn A. Burkhart, Stephen H. Snead, Springfield, for defendant-respondent.

REINHARD, Special Judge.

Plaintiff Kathy Suzette Prier brought this action to recover damages for injuries she sustained when she slipped and fell in defendant's supermarket.[1] The jury returned a verdict in her favor, found damages of $16,500, and assessed 25% of the fault to plaintiff. The trial court sustained defendant's motion for judgment notwithstanding the verdict and entered judgment for defendant. Plaintiff appeals. We affirm.

---

1. Her husband, Jerry Wayne Prier, was also a plaintiff in this suit. The jury returned a verdict for defendant on Mr. Prier's claim and he does not appeal. All references hereinafter to "plaintiff" relate to Kathy Suzette Prier.

The parties agree that the sole issue confronting us is whether or not sufficient evidence was adduced to make a submissible case on the question of defendant's constructive notice of the substance on its floor which allegedly caused plaintiff to slip and fall. Entry of judgment notwithstanding the verdict is equivalent to directing a verdict at the close of all the evidence. *Word v. City of St. Louis,* 617 S.W.2d 479, 481 (Mo.App.1981). In determining whether plaintiff made a submissible case, and therefore whether the trial court erred in sustaining defendant's motion for judgment notwithstanding the verdict, the evidence presented must be viewed in the light most favorable to plaintiff giving her the benefit of all reasonable inferences to be drawn therefrom. *Id.* Plaintiff's case should not be withdrawn from the jury unless the facts in evidence and the reasonable inferences to be drawn therefrom are so against the plaintiff as to leave no room for reasonable minds to differ. *Id.*

The principles of law in Missouri are well established in slip and fall cases. The liability of a store owner is based upon his superior knowledge of a defective condition on his premises which results in injury. *Ward v. Temple Stephens Co.,* 418 S.W.2d 935, 938 (Mo.1967). For liability to arise, the store owner must have actual or constructive knowledge of the defective condition. *Id.* The defendant store owner is generally deemed to have actual notice if it is affirmatively shown that an agent of defendant created or was aware of the hazardous condition. *Id.; Vinson v. National Supermarkets, Inc.,* 621 S.W.2d 373, 375 (Mo.App.1981). Where actual notice is not established, there must be some evidence that "the defect has existed for a sufficient length of time to constitute constructive notice, or, in other words, to show that defendant should reasonably have known of it." *Ward,* 418 S.W.2d at 938.

The evidence revealed that plaintiff and her husband lived in the vicinity of Smitty's Supermarket and were regular customers of defendant's store. On August 9, 1982, plaintiff, who was eight months pregnant, went to Smitty's with her husband to purchase a carton of Coca Cola. They entered Smitty's through the main entrance on the west and proceeded east to the main front aisle. They then turned south down the main aisle toward the soft drinks, walking hand in hand. As the couple proceeded down the aisle plaintiff suddenly fell.

Plaintiff and her husband testified at trial that they were unaware of the substance on the floor before the fall. After the accident, however, they both noticed a "yellowish" liquid substance on the floor covering an area approximately four feet wide and ten feet long. Plaintiff's husband saw a gallon bottle of Purex bleach near the spillage which "looked like it had been kicked off to one side." Plaintiff also observed the bleach bottle, which she noted was "split around on the side." The spillage and bottle of Purex bleach were not in the vicinity of the bleach display shelf. After the fall, plaintiff's husband summoned the store manager to the scene of the accident and the manager took them both to the store office, where an accident report was filed.

The area where the fall occurred was in close proximity to the express lane, the second checkout lane and the supermarket pharmacy. An employee was in the pharmacy at the time of the accident and there were employees working the express and second checkout lanes. Although there were other shoppers present at the time of plaintiff's fall, the store was not particularly busy.

Prior to trial plaintiff took photographs of the accident scene which were later admitted into evidence. The photographs, although of poor quality, show that the employees working the checkout lanes would normally face at a right angle from the direction where plaintiff fell. The photos also indicate that the view of the accident scene from the pharmacy is partially obstructed.

Several of defendant's answers to interrogatories were admitted into evidence. Those answers revealed that no person was

"responsible for seeing that ... bleach or debris did not collect on the floor during business hours," and that no inspection was made of the area where plaintiff was injured prior to the accident. Defendant acknowledged that no warning was given to plaintiff or any other person concerning any dangerous condition in the vicinity of the accident. The evidence further indicated that there was no mat or other floor covering where plaintiff fell. When taken to the scene the manager found "a wet spot on the floor and what appeared to be about 8 ounces of bleach and a plastic container which had broken open and had been left there, apparently by another customer."

Plaintiff also adduced evidence regarding her injuries, which are not at issue on appeal. Defendant presented no evidence at trial.

On appeal, plaintiff contends the trial court erred when it sustained defendant's motion for judgment notwithstanding the verdict because she made a submissible case on the issue of constructive notice. Plaintiff virtually concedes that there was no evidence "that the substance had remained on the floor for such a period of time that defendant by the exercise of ordinary care could have discovered it." *Brophy v. Clisaris,* 368 S.W.2d 553, 558 (Mo. App.1963). Plaintiff contends, however, that the decision in *Brophy* established a time element not required by the Restatement (Second) of Torts, § 343 (1964).

The principle of law which plaintiff contests was established long before *Brophy.* In *Lance v. Van Winkle,* 213 S.W.2d 401, 402 (Mo.1948), our Supreme Court said:

> [t]he rule is well settled that a customer who is injured by slipping upon some foreign substance at a store has the burden of producing evidence showing the presence of the foreign substance for a sufficient length of time to give notice of its presence to the storekeeper. After such notice the failure of the storekeeper to remove it constitutes negligence.

The above rule is still the law in Missouri. See, *Ward,* 418 S.W.2d at 935; *Vinson v. National Supermarkets,* 621 S.W.2d 373 (Mo.App.1981); *Hayes v. National Supermarkets,* 612 S.W.2d 819 (Mo.App.1981); *Grant v. National Supermarkets,* 611 S.W.2d 357 (Mo.App.1980); *Taylor v. F.W. Woolworth Co.,* 592 S.W.2d 210 (Mo.App. 1979); *White v. Kroger Co.,* 573 S.W.2d 375 (Mo.App.1978).

The above cited cases do not hold, however, that the requisite time element cannot be proven by circumstantial evidence or inferred from the facts. Circumstances dictate the length of time necessary to constitute constructive notice. Under some circumstances the requisite time element may be very short. Here, however, the record is completely devoid of any evidence as to how long the dangerous condition had been in existence. Plaintiff argues that it can be inferred that the spillage was on the floor for a substantial period of time because the bleach bottle was not in the vicinity of its proper display shelf and because the area of the spillage was large. However, plaintiff testified that the bleach bottle was split along its side, indicating that the contents came out rapidly, rather than seeping out gradually.

Plaintiff's evidence that she fell within the view of the defendant's employees at the checkout counters and pharmacy department is also insufficient to make a submissible case on the issue of constructive notice. *Vinson,* 621 S.W.2d at 375[5]. The evidence indicates that the attention of defendant's checkout counter employees was not normally focused on the area where plaintiff fell. Furthermore, plaintiff's evidence indicated only that someone was in the pharmacy, not that he was looking at the scene of the fall. It was also evident that there were some obstructions in the pharmacy area which might have obscured the spillage from the pharmacist's view.

Under the long established law in this state, plaintiff failed to make a submissible case and the court properly granted de-

fendant's judgment notwithstanding the verdict.[2]

Defendant's motion for frivolous appeal is denied. Judgment affirmed.

GREENE, P.J., and RONALD BELT and A.J. SEIER, Special Judges, concur.

---

**2.** Missouri's constructive notice requirements are consistent with the appellate decisions of other states. *See,* 24 ALR 4th 696 (1983). However, *see,* 85 ALR 3rd 1000 (1978), for a line of cases that treat the issue of notice in a different manner where, as in the instant case, a self-service market is the defendant.