**Donald R. NICKERSON and Roxanna Kay Nickerson, Respondents,**

v.

**MOBERLY FOODS, INC., Appellant.**

**No. WD 41191.**

Missouri Court of Appeals,
Western District.

Sept. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied
Jan. 10, 1990.

David B. Rogers, Columbia, for appellant.

James J. Wheeler, Keytesville, for respondents.

Before GAITAN, P.J., and MANFORD and ULRICH, JJ.

ULRICH, Judge.

Appellant, Moberly Foods, Inc. (Moberly Foods), a Missouri corporation, owns and

operates a Food–4–Less discount grocery store in Moberly. Moberly Foods appeals the judgment in favor of Donald R. Nickerson for personal injuries he experienced while on the premises of the Food–4–Less Store and Roxanna K. Nickerson, his wife, for loss of consortium. The judgment is affirmed.

Moberly Foods asserts that Mr. Nickerson failed to prove Moberly Foods' actual or constructive knowledge of the dangerous condition on the premises of its store that caused Mr. Nickerson's injury. It also asserts that the trial court erred by overruling its motion for a new trial because (1) plaintiffs' attorney impermissibly extended voir dire inquiry beyond the trial court permitted general insurance question, (2) the jury's failure to allocate any fault to Mr. Nickerson was erroneous as a matter of law, and (3) the verdict-directing instruction given in Mr. Nickerson's case impermissibly deviated from Missouri Approved Instruction (MAI) 22.03.

The Food–4–Less Store in Moberly, a grocery store, occupies a large, new, modern structure. It was being stocked for the first time when Mr. Nickerson's accident occurred on May 7, 1985. The rectangularly-shaped structure encloses a twelve-and-one-half-foot-wide interior hallway extending along the entire rear wall. A loading dock is located outside the building at one end of the hallway. A door on the rear wall opens onto the loading dock. Trucks back up to the dock, permitting the unloading and movement of goods into the structure through the loading dock door and the hallway to the display area for sale to the public. In this case, unloaded goods moved by means of a hand driven electric forklift. The forklift turned ninety degrees to move goods from the dock through the loading dock door and into the hallway for movement to the display area.

Forty-one year old Donald Nickerson had worked for eighteen years as a driver-salesman for Moberly Bottling Co., a supplier of soft drinks to the new Food–4–Less Store. His duties included making deliveries of soda-pop from a distribution center to retail stores by truck and soliciting new customers for the company. Mr. Nickerson and his wife Roxanna, then thirty-six, had seven children, two of whom still lived at home.

Mr. Nickerson first entered the store the morning of the accident, May 7, 1985. Mr. Nickerson's employer dispatched him to the Food–4–Less Store to assist the unloading of soda pop from an eighteen-wheel tractor trailer. He arrived at 9:00 a.m., entered the front door of the store, and encountered his supervisor, Mr. Benny, and Food–4–Less assistant manager, Mr. Cross, as they moved a hand operated forklift loaded with soda-pop from the loading dock to the display area through the hallway extending along the rear wall of the building. The two men had loaded the soda-pop onto the battery operated forklift by unloading it from the large truck at the loading dock. Mr. Cross controlled the nine-foot forklift with controls on the handle as Mr. Benny walked alongside the lift to steady the load. The load of soda pop stood about six feet high.

After unloading the forklift at the display area within the store, Mr. Nickerson alone took the lift to get another pallet of soda pop. He walked through the hallway facing forward, one hand on the lift's control handle, the lift following behind him. About fourteen feet from the end of the hallway he turned around and put both hands on the forklift control handle to facilitate turning the forklift through the ninety degree turn required to move it through the loading dock door and into the truck for loading. While walking backwards Mr. Nickerson fell into an uncovered sump pump hole, seriously injuring his lower back. No one warned Mr. Nickerson of the hole's presence, no barriers were erected around the hole, and notice of the hole's presence was not posted. Mr. Nickerson immediately proceeded to a physician for treatment.

■ The law links the duty of a possessor of real property to the classification of a person entering onto the land. Traditionally, entrants onto land have been classified as trespassers, licensees or invitees, and the possessor owes a different duty to

persons of each classification. Some states have chosen to abandon this classification system; Missouri has not. The trial court correctly classified Mr. Nickerson as an invitee, "one who enters the premises with the express or implied consent of the possessor and for some purpose of real benefit or interest to the possessor or for the mutual benefit of both." *Twine v. Norris Grain Co.*, 241 Mo.App. 7, 15, 226 S.W.2d 415, 420 (1950). Moberly Foods owed Mr. Nickerson, as an invitee, the duty to exercise reasonable care. *Albers v. Gehlert*, 409 S.W.2d 682, 684 (Mo.1966). Reasonable care includes the duty to warn of dangerous conditions not likely to be discovered by the invitee. *Harbourn v. Katz Drug Co.*, 318 S.W.2d 226, 229 (Mo.1958). Where a danger is open and obvious, the possessor of the land owes no duty to warn the invitee unless the possessor should anticipate harm to the invitee despite the attribution of constructive knowledge. *Cox v. J.C. Penney Co., Inc.*, 741 S.W.2d 28, 29 (Mo. banc 1987). Whether the invitee exercised ordinary care is to be considered only when allocating fault under Missouri comparative fault principles. *Cox*, 741 S.W.2d at 30. *See generally*, Note, *Missouri Retreats From the Known or Obvious Danger Rule in Premises Liability*, 54 Mo.L. Rev. 241 (1989). The dangerous condition in this case, an open sump pump hole in the hallway accessing the store from the loading dock, was one likely to cause harm. With knowledge of this condition, Moberly Foods had a duty to warn invitees like Mr. Nickerson.

To find Moberly Foods liable, it must have had actual or constructive knowledge of the dangerous condition. *Prier v. Smitty's Supermarkets, Inc.*, 715 S.W.2d 579, 580 (Mo.App.1986). Moberly Foods argues that the trial court erred in denying its motion for judgment notwithstanding the verdict because Mr. Nickerson failed to prove that it had actual or constructive knowledge of the condition. When determining whether the plaintiff made a submissible case, plaintiff's evidence is presumed true, and the plaintiff is given the benefit of all favorable inferences that can reasonably be drawn from the evidence. *Patton v. May Dept. Stores Co.*, 762 S.W.2d 38, 40 (Mo. banc 1988); *Burns v. Schnuck Markets, Inc.*, 719 S.W.2d 499, 500 (Mo.App.1986).

Moberly Foods places great emphasis on Mr. Nickerson's failure to prove the length of time the lid had been removed from the sump pump hole. Moberly Foods relies on *Prier*, 715 S.W.2d at 580, which requires as proof of constructive knowledge a showing that the "defect has existed for a sufficient length of time to constitute constructive notice...." *Id.*, (quoting *Ward v. Temple Stephens Co.*, 418 S.W.2d 935, 938 (Mo.1967)). Logically, proof of constructive knowledge would be required absent a showing of actual knowledge. Moberly Foods' argument fails, for *Prier* also defines actual knowledge to exist when an agent of the defendant creates or knew of the hazardous condition. *Prier*, 715 S.W.2d at 580. Mr. Benny testified that when he and Mr. Cross, assistant manager of the store and employee of Moberly Foods, were unloading soda pop from the truck onto the forklift, he saw the open sump pump hole. He testified that the hole was about one-fourth of the width of the hallway. His testimony and pictures of the hole introduced as exhibits support the reasonable inference that Mr. Cross also saw the open sump pump hole—giving him and, as his employer's agent, Moberly Foods actual knowledge of the dangerous condition.[1] Because actual knowledge of the dangerous condition could reasonably be inferred from the facts presented, Mr. Nickerson made a submissible case, and Moberly Foods' motion for judgment notwithstanding the verdict was correctly overruled.

Moberly Foods raises three other issues that it believes require reversal. It asserts that the trial court erred in overruling its motion for a new trial because (1) plaintiffs' attorney impermissibly inquired about insurance during voir dire beyond the general insurance question permitted by the court, (2) the jury's failure to allocate fault

---

**1.** Mr. Cross did not testify. Moberly Foods elected to call no witnesses.

to Mr. Nickerson was erroneous as a matter of law, and (3) Mr. Nickerson's verdict directing instruction impermissibly deviated from Missouri Approved Instruction (MAI) 22.03.

 Mr. and Mrs. Nickerson contend that Moberly Foods attempts to appeal from the court's order overruling defendant's motion for a new trial, a nonappealable order. The right of appeal is statutory, and an order overruling a motion for a new trial is not appealable. *Empire Gas Corp. v. Randolph,* 552 S.W.2d 82, 83 (Mo. App.1977). However, the three issues expressed as an appeal from the order overruling Moberly Foods' motion for a new trial are considered an appeal from the final judgment. *See Walker v. Thompson,* 338 S.W.2d 114 (Mo.1960); *Cady v. Kansas City Southern Ry. Co.,* 512 S.W.2d 882 (Mo.App.1974).

Moberly Foods argues that respondents' attorney inquired beyond the court permitted general insurance question during voir dire, and that the inquiry prejudiced Moberly Foods. The court permitted the Nickersons' attorney to ask whether any venireman owned stock, held a position with, was employed by, or had an interest in the American Motorist Insurance Co., a division of the Kemper Insurance Group, a stock company. Venireperson Graves responded that she worked for Randolph County Farm Bureau. The remaining dialogue between Mr. and Mrs. Nickerson's attorney and venireperson Graves is as follows:

MR. WHEELER: You work for the Farm Bureau, do I understand you?

VENIREPERSON GRAVES: Randolph County Farm Bureau.

MR. WHEELER: Are you connected with their [*sic*] insurance business?

VENIREPERSON GRAVES: I do work for the agent on the insurance part.

MR. WHEELER: So you work for the insurance company as a part of your working day, is that right?

VENIREPERSON GRAVES: I am employed by the county, really, but I do help out the agent who works for the company.

MR. WHEELER: And you think that your working for an insurance company might prejudice you against a personal injury claim or things of that nature?

VENIREPERSON GRAVES: I don't think so.

MR. WHEELER: If it does it wouldn't carry over to this case, would it?

VENIREPERSON GRAVES: No.

MR. WHEELER: And do you think it might influence you, really?

VENIREPERSON GRAVES: No.

MR. WHEELER: You would be fair and impartial and decide it solely on the basis of this case and not other cases you may or may not have come in contact with, is that right?

VENIREPERSON GRAVES: Yes.

MR. WHEELER: You could and you would, wouldn't you?

VENIREPERSON GRAVES: Yes.

Moberly Foods did not object to any questions during the dialogue, but, at the conclusion of the voir dire examination, moved for a mistrial, contending plaintiffs' counsel violated the court's admonition to restrict inquiry of the venire about insurance to a single general question. The court overruled the motion saying that the questions asked subsequent to the general inquiry about affiliation or interest in the American Motorist Insurance Co. were proper inquiries to determine the bias of a venireperson and were natural, progressive, nonprejudicial, and permissible.

 The trial court's sound discretion controls the extent to which counsel may inquire of venirepersons about their interest in or connection with an insurance company. *Morris v. Duker,* 414 S.W.2d 77, 79 (Mo.1967). In *Skinner v. Sisters of St. Mary's,* 686 S.W.2d 858, 860 (Mo.App.1985), the court stated,

As a general rule, we have held the possibility of taint resulting from some connection between a juror and an interested insurer, even though the disclosure of the latter's interest is unlikely, outweighs the prejudice which might result from an inquiry naming the insurance company during the voir dire.... Good

faith in making the inquiry is the fulcrum upon which these conflicting concerns are balanced.

Mr. and Mrs. Nickerson's attorney asked, in good faith, a permissible question about economic interest in an insurance company. Venireperson Graves gave an ambiguous and confusing response. The attorney made a brief inquiry without objection. The trial court did not abuse its discretion by denying the motion for a mistrial.

■ Moberly Foods argues that the jury's allocation of 100 percent fault to it and no fault to the Nickersons was erroneous as a matter of law. Moberly Foods says that Mr. Nickerson must have been at least partially negligent as he was walking backward with the forklift, not looking where he was going, and, therefore, the jury should have allocated some percentage of fault to Mr. Nickerson. Because the evidence offered justifies the jury's finding, the jury's verdict stands. *R.J. Hurley Lumber Co. v. Cummings*, 264 S.W.2d 379, 386 (Mo.App.1954). Mr. Nickerson had never used the forklift before, and he had never been at the store before. He had to turn the forklift ninety degrees to maneuver it from the hallway through the loading dock door onto the loading dock. The procedure required him to place both hands on the forklift control handle, compelling him to face the lift and to walk backward. The jury's verdict attributing no fault to Mr. Nickerson is not erroneous as a matter of law.

■ Finally, Moberly Foods argues that the verdict directing instruction given by the court in Mr. Nickerson's case impermissibly deviated from MAI 22.03. The instruction deviated from MAI 22.03. If an MAI instruction applies, it—and no other—must be given. *Gilbert v. K.T.I., Inc.*, 765 S.W.2d 289, 294 (Mo.App.1988). The second paragraph of the instruction required that to find in favor of Mr. Nickerson the jury had to find "plaintiff Donald R. Nickerson did not know and by using ordinary care could not have known of this condition [the open sump pump hole]." This paragraph required a finding of an absence of knowledge of the dangerous condition by the invitee. In *Cox*, the court struck such a requirement. *Cox*, 741 S.W.2d 28. The erroneous instruction should have been given without the second paragraph. This error, however, placed a greater burden on Mr. Nickerson, rendering it harmless to Moberly Foods. *Keifer v. St. Jude's Children's Research Hospital*, 654 S.W.2d 236, 238 (Mo.App.1983). Because this error does not materially affect the merits of this action, it does not constitute reversible error. § 512.160.2, RSMo 1986; *Gilbert*, 765 S.W.2d 294.

The trial court's award of damages in the amount of $150,000 for Mr. Nickerson and $50,000 for Mrs. Nickerson is affirmed.

GAITAN, P.J., concurs.

MANFORD, J., dubitante.