Emily J. BEEKS, et al., Appellants,

v.

Rebecca HIERHOLZER, M.D.,
et al., Respondents.

No. WD 44604.

Missouri Court of Appeals,
Western District.

May 5, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 30, 1992.

Vance C. Preman, Kansas City, for appellants.

Hal D. Meltzer, Kansas City, for respondents.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

HANNA, Judge.

■ This is an action for monetary damages brought by the widow and children of Raymond Beeks, deceased, for his wrongful death due to the alleged medical negligence of respondents. The error claimed concerns the denial of appellants' motion for a new trial on the grounds of juror intentional non-disclosure of material facts during voir dire.[1]

---

1. Appellants characterize the appeal as one from the denial of their motion for new trial.

This is not an appealable order. See *Nickerson v. Moberly Foods, Inc.,* 781 S.W.2d 87, 91 (Mo.

The underlying facts surrounding the medical negligence claim are adequately stated in the parties' respective briefs. Basically, the deceased was examined and released from the emergency room at Research Medical Center, after complaining of severe stomach pain and nausea. Eight hours later he began vomiting blood and died.

■ As a preliminary matter, respondents' brief contains a Point I, where they claim appellants failed to comply with Rule 81.12(a), by not filing the entire trial transcript and request us to dismiss the appeal accordingly. Respondents' brief expounds on the voir dire examination and the post-trial hearing, with reference to specific page numbers contained in the limited transcript provided by appellants. Respondents found it unnecessary to supplement the Legal File to include the entire trial transcript, and no part of the trial proceeding was used to support either parties' position.

Rule 81.12(a) requires the record on appeal to contain the proceedings and evidence necessary for determination of the questions presented to the appellate court for decision. The rule explicitly states the record is divided into two components (the legal file and the transcript) "[i]n order to reduce expense and expedite the preparation of the record on appeal". It would seem contrary to the essential purpose of the rule to require an appellant to file extraneous portions of the transcript, or a transcript at all, where the error raised on appeal is limited to unrelated pre or post-trial matters. In those situations, the trial portion of the transcript is irrelevant to determination of any question presented to the appellate court.

Finally, we are aware certain facts describing the underlying claim must be provided to clarify the record and assist the appellate court in better understanding the flavor of the appeal. However, the State-

ment of Facts in an appellant's brief is the appropriate place to include a fair and concise recitation of the case. Rule 84.04(c). Where the error on appeal does not concern the trial itself, this may be done without specific reference to the entire trial transcript. If a respondent is not satisfied with the appellant's statement of the facts, he may correct any alleged errors with a concise statement of his own. Rule 84.04(f).[2]

The appellant filed the portions of the transcript containing the voir dire examination and the hearing on their motion for new trial. This was sufficient. Respondents' misguided effort to have the appeal dismissed in its Point I (without filing a motion requesting that relief), is denied.

■ Appellants allege four of the jurors intentionally failed to disclose material facts concerning their involvement in prior litigation during the voir dire examination. It is the duty of potential jurors on voir dire to fully, fairly and truthfully answer all questions directed to them so that their qualifications may be determined and challenges may be intelligently exercised. *Williams v. Barnes Hosp.*, 736 S.W.2d 33, 36 (Mo. banc 1987) (*citing Rinkenbaugh v. Chicago, Rock Island & Pacific R.R. Co.*, 446 S.W.2d 623, 626 (Mo.1969)).

■ There are two types of non-disclosure, intentional and unintentional. Intentional non-disclosure occurs where there exists no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and where it develops that the prospective juror actually remembers the experience or that it was of such significance the juror's purported forgetfulness is unreasonable. *Id.* If a juror intentionally withholds material information requested on voir dire, the factfinder may infer bias and prejudice from such concealment, but it is not required to do so. *Moore v. Jackson*, 812 S.W.2d 240, 244 (Mo.App.1991). Uninten-

App.1989). However, we will consider the issues raised as an appeal from the final judgment rendered. *Id.*

**2.** The better practice would be to cooperatively prepare and sign a brief statement of the case in

*accordance with Rule* 81.13. Again, the purpose behind these rules is to avoid imposing unnecessary costs on the parties and cluttering the record with surplus documentation.

tional non-disclosure exists where the experience forgotten was insignificant or remote in time or where the venireperson reasonably misunderstands the question posed. *Williams*, 736 S.W.2d at 36. Unintentional failure to disclose information does not necessarily show prejudice on the part of the juror. *Id.*

 The trial court, and the appellate court on review for abuse of discretion, must look to the totality of the circumstances in order to determine whether a non-disclosure may have had a prejudicial impact on a litigant's right to trial by twelve impartial and qualified jurors or upon the verdict. *Alexander v. F. W. Woolworth Co.*, 788 S.W.2d 763, 766 (Mo.App. 1990). If there is no prejudicial impact, the non-disclosure will not warrant a new trial. *Id.* The most prominent factor to be considered is the materiality or relevance of the undisclosed experience. *Id.* The greater the similarity between the undisclosed experience and the case at hand, the stronger the inference of bias, the greater the impairment of counsel's ability to make informed peremptory challenges, and the lesser the credibility of the juror's purported forgetfulness. *Id.*

The trial court found the non-disclosures had no prejudicial impact on the case. The question then raised is whether the trial court abused its discretion in finding that the alleged non-disclosures had no prejudicial impact on appellants' right to a fair trial, the verdict, or counsels' ability to make an informed peremptory challenge.

Both the trial court and the respective counsel conducted voir dire of the panel. The relevant questions posed by the court included:

1. Is there anyone on the jury panel who has been involved in a similar type of lawsuit as this one, either as a plaintiff or somehow involved perhaps as a witness for the defendant?

2. Is there anyone else that's ever been a plaintiff in a lawsuit of any type? ... I will include work comp claims in this question.

3. All right ... do we have anyone who has been a plaintiff in a lawsuit or claim in workers comp case?

4. [I]s there anyone that's been a plaintiff or a claimant in a lawsuit or workers comp claim? ... [A]side from those who have already answered, is there anyone who was involved in a matter? Is there anyone that was involved in a claim and made a claim without having a lawsuit?

5. [T]he question is whether you've had a claim that did not result in a lawsuit? ... [I]s there anyone that has filed a claim but may not have resulted in a lawsuit?

6. Now [sic] question now is whether anyone on the panel has previously been a defendant in a lawsuit or whether someone has made a claim against you that did not result in a lawsuit?

The court instructed the jurors to correct, clarify or modify their answers, and to recall instances over their entire lifetime. The court also gave the panel the opportunity to discuss private matters outside the hearing of other panel members.

The respondents' attorney during voir dire stated, "Now I think the court asked you if any of you had been a plaintiff in a lawsuit before and I don't remember whether the court asked whether or not any of you had ever been a defendant before." The court responded that it had and the attorney then asked, "I guess either apparently nobody has been a defendant before, a fair statement?" There was no response from the panel.

After the trial, an evidentiary hearing was held pursuant to plaintiffs' motion for a new trial. In that hearing, plaintiffs alleged certain jurors intentionally concealed information during voir dire about their involvement in prior legal actions. For clarity, the following is an examination of the allegations against each individual juror.

### Juror Travers

In order to have her driver's license reinstated juror Travers, who was uninsured,

was required by the Missouri Department of Revenue to sign a note agreeing to repay State Farm Insurance Company the sum of $2,400.00 in monthly installments of $100.00, as a result of a 1986 automobile accident. When juror Travers failed to make certain payments, State Farm initiated an action on the note. The petition was never served on her and after she resumed payments the action was dismissed for lack of prosecution. Payments were still being made at the time of the post-trial proceeding.

Juror Travers did not disclose this matter during voir dire. Her explanation was that at the time the lawyers and court were asking the questions, she did not remember the incident. She further testified that she "did not go to court" regarding the matter so she "didn't consider it a lawsuit."

### Juror Handley

Juror Handley had been sued on a note in 1988, which resulted in a judgment against her in the amount of $3,489.17 and repossession of her automobile. She filed for bankruptcy.

During the post-trial hearing she stated she did not remember being served with the petition on a note in 1988. When asked about her non-disclosure of the bankruptcy filing, she stated the reason was because she felt "[i]t has no bearing upon this ... I don't feel that they need to know that I filed bankruptcy...." She explained that she did not understand bankruptcy or the repossession matters were civil cases concerning the inquiry which was made during voir dire.

### Juror Miller

Juror Miller had his home mortgaged with the Veteran's Administration and the V.A. had foreclosed. The foreclosure action was proceeding contemporaneous with this trial. He explained that he believed the VA's foreclosure action was not the subject of the voir dire inquiry. He stated "it didn't really seem to have any relevance toward the case" and "there wasn't actually a lawsuit as I understood."

### Juror Carrel

Juror Carrel had been a defendant in three previous rent and possession actions. The reason given for his non-disclosure was that he did not understand some of the questions during voir dire, that he had not gone to court in any of the cases so did not consider those lawsuits, that he "didn't think that was important," and that the landlord/tenant matters "never crossed [his] mind" during voir dire.

The trial court, after hearing the evidence on the jurors' alleged misconduct, denied plaintiffs' motion for new trial. The court found "the non-disclosure by the venireperson[s] did not amount to misconduct, that the events which the venireperson[s] failed to disclose were not rationally related to the instant controversy ... [and] the existence of said factors were not of such nature as to fundamentally affect or compromise the fairness of the jury process."

In *Moore,* 812 S.W.2d 240, the contested juror stated during a hearing held on the motion for new trial that she failed to disclose she had been sued by a hospital for unpaid medical bills and had filed for protection under Chapter 13 of the Bankruptcy Code prior to the suit. The juror had also been a defendant in a rent and possession action for failure to pay rent on two separate occasions preceding trial. Her reasons for the non-disclosure was she did not consider the actions to be lawsuits, but merely bills. *Id.* at 242–243. The trial court found the juror's non-disclosure was intentional because she possessed no reasonable inability to comprehend the questions asked during voir dire and her assertion that she considered the suits to be bills was unreasonable. *Id.*

The action in *Moore* involved a medical malpractice claim against a hospital. The court determined that while the lawsuit for unpaid medical bills itself was not similar to the medical malpractice claim, the reason for the bill (a cesarian section for the birth of her second son) was remarkably similar. *Id.*

The action in this case was for medical negligence resulting in the death of the decedent. The non-disclosures of the four jurors did not relate to a wrongful death

claim, personal injury or even remotely involve the medical profession. Instead, they concerned unrelated monetary obligations and rent and possession actions. With respect to the bankruptcy and foreclosure it is understandable that a venireperson would not consider these matters as a lawsuit or a claim. Juror non-disclosure claims depend on their own facts and hinge on the ability of the trial court to gauge the demeanor and credibility of witnesses regarding whether the non-disclosure was intended and whether to infer bias and prejudice. *Id.*

The questions posed during voir dire would not necessarily alert a lay person to disclose information concerning his or her financial difficulties. The questions focused primarily on claims involving personal injury and workers compensation. In any event, in light of the totality of the circumstances, we cannot say the non-disclosures had any prejudicial impact on appellants' right to a fair trial or on counsel's ability to make an informed peremptory challenge of the venirepersons. There is no abuse of discretion in the trial court's finding.

Therefore, the judgment of the trial court is affirmed.

All concur.