Robert W. BRAUN, Respondent,

v.

GEORGE C. DOERING, INC. and Dennis Doering, Appellants.

No. 67422.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 10, 1995.

John F. Cooney, St. Louis, for appellants.

Gary A. Growe, P.C., Clayton, for respondent.

RHODES, Judge.

Defendants, George C. Doering, Inc. and Dennis Doering, appeal from a jury verdict in favor of Plaintiff, Robert Braun. Plaintiff sued to recover for injuries sustained when he fell on Defendants' parking lot. We affirm.

Plaintiff was employed as a limousine driver for U.S.A. Limousine at the time of his fall. The limousine company was a tenant of an office building owned by Dennis Doering. Doering's company, George C. Doering Inc., served as landlord for the property. As a tenant, U.S.A. Limousine was assigned parking privileges at the rear of the parking lot adjacent to that site.

Defendant George C. Doering, Inc. had a contract with Don King to remove the snow from the parking lot. On January 18, 1991, the date of Plaintiff's fall, there was no snow on the parking lot. The ice and snow from an earlier storm had been plowed from the upper parking lot and stacked along the perimeter of the lot near where Plaintiff parked the limousine. Both Doering and Dorothy Blumm, an employee of George C. Doering, Inc., testified they were aware of the risk of refreezing snow. In addition, both Doering and Blumm knew that snow was plowed to the perimeter of the parking lot near where the limousines were parked, and that although warm weather would melt the snow during the day, it could refreeze overnight when temperatures dropped. Doering admitted that he would occasionally salt the area around the building, but did not pay close attention to the area where the limousines parked and did not salt or sand that area.

U.S.A. Limousines customarily conducted most of their business late at night according to the testimony. On the night of the accident Plaintiff returned to the parking lot at approximately 2:00 a.m., after completing his work for the evening. He parked the limousine in the upper parking lot, near the dumpster, as required by the lease. Plaintiff made several trips from the parked limousine to the nearby dumpster to dispose of trash left in the limousine. On the final trip Plaintiff happened to take a route closer to the perimeter of the parking lot. Plaintiff slipped and fell, breaking his ankle. While Plaintiff was lying on the parking lot he noticed for the first time that small pockets of ice had formed on the lot. It was Plaintiff's contention that he slipped on ice which had formed when the snow banks melted during the day and refroze that night. As a result of the broken ankle, Braun was required to miss approximately four months of work and had to undergo four surgeries to repair his ankle.

Plaintiff filed suit against Defendants for the injuries he sustained from the fall, alleging Defendants were negligent in their duty to maintain the parking lot in a safe condition. A jury trial was held on August 23,

1994. At the close of Plaintiff's case, and again at the conclusion of all evidence, Defendants moved for directed verdicts. Both motions were denied. The jury awarded Plaintiff $60,000 in damages. Defendants timely filed their motion for judgment notwithstanding the verdict, or, in the alternative, for new trial. The trial court denied Defendants' post-trial motion and this appeal followed.

On appeal, Defendants argue that the trial court erred in denying the motions for directed verdict and the motion for judgment notwithstanding the verdict. They contend that Plaintiff failed to make a submissible case, based on the evidence adduced at trial, in that there was no evidence of Defendants' actual or constructive knowledge of the dangerous condition.

In determining whether a plaintiff has made a submissible case, we view the evidence in the light most favorable to that party. *Nettie's Flower Garden, Inc. v. SIS, Inc.*, 869 S.W.2d 226, 231 (Mo.App.1993). We presume the plaintiff's evidence to be true and give the plaintiff the benefit of all reasonable inferences to be drawn from the evidence. *Id.* We disregard the defendant's evidence except insofar as it may aid the plaintiff's case. *Id.*

In order to establish negligence on the part of a landlord, the plaintiff is required to show that the defendant had either actual or constructive knowledge of the hazardous condition. *Vinson v. National Super Markets, Inc.*, 621 S.W.2d 373, 375 (Mo.App. 1981). A landlord is not the absolute insurer of his or her premises. *Kilmer v. Browning*, 806 S.W.2d 75, 79 (Mo.App.1991). A landlord is liable to his or her tenants "for physical harm caused by a dangerous condition upon that part of the land retained in lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe." RESTATEMENT (SECOND) OF TORTS § 360 (1965).

Defendants maintain that there was no evidence of their actual knowledge of the ice which formed on the evening of the accident. Furthermore, because the ice which caused Plaintiff to fall had formed just prior to the fall, they argue there was not sufficient time for any constructive notice of the danger to attach. Finally, they argue that there was insufficient time to remedy the situation prior to injury. *Grant v. National Super Markets, Inc.* 611 S.W.2d 357, 359 (Mo.App.1980).

The present case is analogous to *Zacher v. Missouri Real Estate & Insurance Agency*, 393 S.W.2d 446 (Mo.1965). In *Zacher*, an employee of a tenant sued the landlord after he slipped on water which had accumulated in a hallway. While the landlord had no knowledge of the actual puddle of water which caused the plaintiff to fall, he was aware that in periods of inclement weather, water would accumulate. The Supreme Court wrote:

> In view of the defendant's actual knowledge of the condition which developed during inclement weather, this is not an instance in which the length of time that the particular water had been on the floor was significant from the standpoint of notice to the defendant. Defendant had knowledge of the condition which arose during then existing weather conditions. It was for the jury to determine whether or not the condition which the accumulation of water produced was a dangerous one and whether or not the defendant, by the exercise of reasonable care, could have made the condition safe.

*Id.* at 449.

Similar facts were presented in *Burch v. Moore's Super Market, Inc.*, 397 S.W.2d 590 (Mo.1965). In that case a customer recovered damages after slipping on ice which had formed in a supermarket parking lot. The defendant had plowed the snow to the perimeters of the parking lot, leaving snow on the low spots. The supermarket's manager testified that he often inspected the parking lot for leftover snow and ice and would salt the area if he felt it was necessary. On appeal the defendant argued that plaintiff had not made a submissible case because there was no evidence of actual or constructive knowledge. The Supreme Court found that a submissible case had been made for the jury to determine whether the defendant had knowledge, actual or constructive, of the dangerous

condition in time, by the exercise of ordinary care, to have remedied the condition before the occurrence of the injury. *Id.* at 593.

Defendants base much of their argument on a series of constructive notice slip and fall cases. We feel those cases are distinguishable based on their facts. In *Grant v. National Super Markets, Inc.,* 611 S.W.2d 357 (Mo.App.1980), the plaintiff slipped and fell on some grapes in the defendant's retail store. The trial court sustained the defendant's motion for judgment notwithstanding the verdict. We affirmed and held that proof of grapes on the floor for twenty minutes, absent other circumstances, was insufficient constructive notice as a matter of law. *Id.* at 359. A similar result was found in *Vinson,* 621 S.W.2d at 373. In that case the plaintiff slipped on a shattered bottle of Pinesol and was awarded damages. The appellate court found that the plaintiff had failed to make a submissible case in that the plaintiff failed to sufficiently establish the length of time the bottle was on the floor, and therefore, could not prove constructive notice. *Id.* at 375.

It is noteworthy that the decisions in *Vinson* and *Grant* have been weakened by *Sheil v. T.G. & Y. Stores Co.,* 781 S.W.2d 778 (Mo. banc 1989). In that case the Missouri Supreme Court reduced the importance of time in constructive notice cases involving self-service type stores. *Id.* at 780. The case herein is not an instance in which the length of time that the particular ice had been on the parking lot was significant from the standpoint of notice to Defendants.

In the present case, there was sufficient evidence presented for a jury to determine that Defendants had constructive notice that there was a dangerous condition which Defendants could have made safe through the exercise of reasonable care. Defendants admitted that they knew a danger existed when snow melted during the day and refroze at night. Defendants had recognized the danger in the past and had salted the areas of the parking lot near the building when necessary. Yet, on the night at issue, Defendants made no attempt to remedy a potentially dangerous condition for the areas known to be occupied by the limousine company. Defendants cannot avoid liability by simply claiming that they had no actual knowledge that the particular piece of ice Plaintiff stepped on had formed that evening. It follows that Defendants had constructive knowledge of this dangerous condition and failed to exercise reasonable care in making it safe. Point denied.

The judgment is affirmed.

SMITH, P.J., and GARY M. GAERTNER, J., concur.