David **PHILLIPS**, Appellant,

v.

**DRURY SOUTHWEST,
INC.,** Respondent.

No. **ED 104908**

Missouri Court of Appeals,
Eastern District,
DIVISION THREE.

Filed: August 1, 2017

Adam E. Gohn, Cape Girardeau, MO, for appellant.

John R. Schneider, Cape Girardeau, MO, for respondent.

## Opinion

Angela T. Quigless, P.J.

David Phillips ("Phillips") appeals the trial court's summary judgment in favor of Drury Southwest, Inc., DSW Industries, Inc., and Drury Hotels Company, Inc. ("Drury," collectively) on Phillips's suit for negligence stemming from a slip and fall on Drury's property. On appeal, Phillips argues the trial court erred in granting Drury's motion for partial summary judgment because there exists a genuine issue of material fact with respect to the issue of knowledge, in that there was sufficient evidence regarding Drury's actual or constructive knowledge of the dangerous condition. We reverse and remand.

### Factual and Procedural Background

Phillips filed a petition against Drury, alleging he suffered physical and emotional injuries resulting from a slip and fall while using the first floor men's bathroom on Drury's property located at 351 South Silver Springs Road in Cape Girardeau. Phillips was an employee of AT&T, which leased office space in the building. Phillips alleged that, on January 19, 2012, he slipped and fell on liquid left on the bathroom floor. Phillips alleged that Drury "knew or had information from which [Drury], in the exercise of ordinary care, should have known that anyone entering the bathroom would be exposed to the dangers of the substance left on the floor."

After Phillips was deposed, Drury filed a motion for partial summary judgment. Drury argued Phillips had not pled any facts in his petition or given any testimony that would establish Drury knew or had reason to know of any dangerous condition prior to his fall. Drury asserted Phillips testified he did not know what caused the liquid to be on the floor or how long it had been on the floor prior to his fall, and he had no knowledge of Drury knowing about any problem or condition in the bathroom prior to his fall.

Phillips deposed Leonard Weber ("Weber"), a building maintenance worker for Drury, and obtained a signed affidavit from Adam Riley ("Riley"), an AT&T employee who also worked in the building. Thereafter, Phillips challenged Drury's motion for partial summary judgment, arguing Drury was not entitled to judgment as a matter of law. In support, Phillips relied on his own deposition testimony, the deposition testimony of Weber, and Riley's affidavit.[1] Following a hearing, the trial court granted Drury's summary judgment motion, finding there was no genuine issue of material fact as to the issue of knowledge. This appeal follows.

1. Additional arguments and evidence relevant to Phillips's response to Drury's motion for partial summary judgment will be set out as needed in the discussion portion of this opinion.

## Standard of Review

Our review of a grant of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993); Rule 74.04.[2] Whether summary judgment was proper is a question of law, and we need not defer to the trial court's order granting summary judgment. *ITT Commercial Fin. Corp.,* 854 S.W.2d at 376. We review the record in the light most favorable to the non-moving party and afford that party the benefit of all reasonable inferences. *Id.* We will uphold the grant of summary judgment on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377.

■ A defending party—here, Drury—may establish a right to summary judgment by demonstrating: (1) facts negating any one of the elements of the non-movant's claim; (2) that the non-movant, after an adequate period of discovery, has not been able and will not be able to produce sufficient evidence to allow the trier of fact to find the existence of any one of the elements of the non-movant's claim; or (3) that there is no genuine dispute as to the existence of the facts necessary to support movant's properly pleaded affirmative defense. *Id.* at 381.

Once the moving party has made a *prima facie* showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law, the burden shifts to the non-movant—here, Phillips—to prove the existence of genuine issues of material fact. *Id.* The non-movant "may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support

each denial with specific references to the discovery, exhibits or affidavits that *demonstrate specific facts* showing that there is a genuine issue for trial." Rule 74.04(c)(2) (emphasis added); *see also Strable v. Union Pac. R.R. Co.,* 396 S.W.3d 417, 425 (Mo. App. E.D. 2013).

■ Where, as here, the trial court does not specify the reasons for its grant of summary judgment, we presume summary judgment was granted on the grounds specified in the moving party's motion. *Metal Exch. Corp. v. J.W. Terrill, Inc.,* 173 S.W.3d 672, 676 (Mo. App. E.D. 2005).

## Discussion

■ In his sole point on appeal, Phillips argues the trial court erred in granting Drury's motion for partial summary judgment because there exists a genuine issue of material fact with respect to the issue of knowledge, in that Phillips produced sufficient evidence on record regarding Drury's actual or constructive knowledge of the dangerous condition.

■ To prevail in a slip and fall case, the plaintiff must prove: (1) a dangerous condition existed on the defendant's property which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff was injured as a result. *Rycraw v. White Castle Sys., Inc.,* 28 S.W.3d 495, 499 (Mo. App. E.D. 2000). Here, Drury only attacked the second element of Phillips's cause of action. Specifically, Drury argued Phillips failed to produce sufficient evidence that Drury knew or should have known of a dangerous con-

**2.** All rule references are to Missouri Supreme Court Rules (2015) unless otherwise indicat-

ed.

dition, the water, on the floor of the first floor bathroom.

In order to defeat Drury's summary judgment motion, Phillips was required to establish, using discovery, exhibits, or affidavits, that a genuine issue of material fact existed regarding whether Drury had either actual or constructive knowledge of the dangerous condition. *See* Rule 74.04(c)(2); *Braun v. George C. Doering, Inc.*, 907 S.W.2d 371, 373 (Mo. App. E.D. 1995).

In support of his challenge to Drury's summary judgment motion, Phillips produced both his and Weber's deposition testimonies, and Riley's affidavit. Specifically, Phillips testified that he slid as soon as he walked into the first floor bathroom, and his shorts and shirt were wet after he fell. Phillips also testified maintenance was aware of previous issues of water on the floor in other bathrooms in the building, and Drury had prior knowledge of water leak issues in the building. Phillips stated he saw and reported water on the floor of another bathroom prior to his fall. Phillips also received emails warning tenants and employees about water leaks in another bathroom prior to his fall. Further, Phillips testified there was a regular maintenance crew who maintained the building several times a day.

Moreover, Weber testified that he mopped water from the floor of the first floor bathroom and closed it for safety purposes on more than one occasion prior to Phillips's fall. Weber testified that he became aware of water on the floor of the first floor bathroom when notified by his company contact. When he entered the bathroom, Weber testified he saw water around the floor drain and closed the bathroom for the night. Weber further testified there was damage to the wall of the first floor bathroom "adjacent to the urinal in question" due to "old moisture." Addition-

ally, Riley stated in his affidavit that he saw water on the floor of the first floor bathroom prior to the date Phillips fell. Riley understood the reason for the water was due to "some type of plumbing problem." Riley stated there was a problem with the plumbing in the first floor bathroom "at least every other month." Riley further stated that every time he was in the bathroom, it was "sloppy, with water on the floor and water on the counter. I have never seen it in a clean condition."

Phillips argued a genuine dispute existed as to the element of knowledge because this evidence established that "the maintenance crew knew that the bathroom in question had had plumbing issues in the past, and had on more than one prior occasion, cleaned up and fixed said plumbing issues." *See Zacher v. Missouri Real Estate & Ins. Agency, Inc.*, 393 S.W.2d 446, 448–49 (Mo. 1965) (holding the defendant had actual knowledge of a dangerous condition, a wet floor, in the second floor hallway because snow and sleet regularly accumulated there in periods of inclement weather); *Braun*, 907 S.W.2d at 374 (holding the defendants had constructive knowledge that a dangerous condition, ice, existed in the parking lot because they admitted knowing that snow melted during the day and refroze at night, and they had salted the dangerous area in the past).

On appeal, Drury argues there is no genuine dispute as to the element of knowledge because Weber testified that he did not make any repairs in the bathroom after Phillips's fall. Drury also argues Weber testified to only two prior instances of water on the floor of the bathroom, which were both due to overflowed toilets, the last one occurring one year prior to the fall. Drury argues two prior instances of overflowed toilets "does not put Drury on actual or constructive notice that there

would be water on the [r]estroom floor on January 19, 2012."

■ Our standard of review requires us to look at the *entire* record in the light most favorable to Phillips to determine whether a genuine issue of material fact exists to preclude summary judgment. *See ITT Commercial Fin. Corp.*, 854 S.W.2d at 376. A "genuine issue" exists where the record reasonably supports two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. "It is not the truth of these facts which matters, but whether the facts are disputed." *Phillips v. CNS Corp.*, 135 S.W.3d 435, 440 (Mo. App. W.D. 2004) (quoting *Rogers v. Frank C. Mitchell Co.*, 908 S.W.2d 387, 389 (Mo. App. E.D. 1995)). Here, whether Drury knew or should have known of plumbing problems in the first floor bathroom, which left water on the floor, remains a disputed issue of material fact. Drury contends that Weber's testimony establishes there were no issues with the plumbing, and Weber did not make any repairs in the bathroom after Phillips's fall. However, our review of the record shows that Weber observed moisture around the floor drain and closed the bathroom following Phillips's fall. Weber also testified there was damage to the wall of the first floor bathroom due to "old moisture," and he had previously mopped water from the floor on more than one occasion prior to the fall. Moreover, Drury's contention is directly contradicted by Riley's statements that there were recurring plumbing problems in the first floor bathroom "at least every other month," and that he observed water on the floor prior to the date Phillips fell. Every time Riley was in the bathroom, there was water on the floor and the counter. He never saw it in a clean condition. Thus, this case presents two plausible, yet contradictory, accounts of the essential facts, bearing directly on the element of knowledge of the dangerous condition. "Questions of fact should be presented to the jury." *Phillips*, 135 S.W.3d at 440 (citation omitted). Accordingly, we find Phillips met his burden of proving that a genuine issue of material fact remains concerning the issue of knowledge, and summary judgment was improper. *See* Rule 74.04(c)(2). Point granted.

### Conclusion

The judgment of the trial court is reversed and remanded for further proceedings.

Robert G. Dowd, Jr., J., and Lisa S. Van Amburg, J., concur.