## Jonathan LOOMIS, Appellant,

v.

## STATE FARM FIRE & CASUALTY COMPANY, Respondent.

### No. ED 105551

Missouri Court of Appeals,
Eastern District,
DIVISION TWO.

Filed: October 31, 2017

FOR APPELLANT: Jeremy A. Gogel, The Gogel Law Firm, 4542 West Pine Boulevard, St. Louis, Missouri 63108.

FOR RESPONDENT: Scott C. Harper, Aaron I. Mandel, Brinker & Doyen, LLP, 34 North Meramec Avenue, 5th Floor, St. Louis, Missouri 63105.

Philip M. Hess, Judge

## Introduction

This case involves an insurance coverage dispute between Jonathan Loomis and State Farm Fire and Casualty Company ("State Farm") arising out of events occurring in 2014 in Wyoming. Loomis applied for an automobile insurance policy from State Farm with underinsured motorist coverage in the amount of $50,000. Upon Loomis' application, a "binder" of insurance was granted to Loomis, but before the policy documents were issued, Loomis was involved in an accident. Loomis settled with the at-fault driver for her policy limits of $50,000, and State Farm took the position that since the at-fault driver's policy limits were also $50,000, Loomis did not have an underinsured motorist claim. Loomis filed a petition for declaratory judgment asking the court to declare that his State Farm policy provided coverage exceeding $50,000. Both parties filed cross-motions for summary judgment, and the trial court granted summary judgment in State Farm's favor. On appeal, Loomis raises two points, arguing first his policy unambiguously provides him underinsured motorist coverage in the amount of his damages minus the $50,000 collected from the at-fault driver, and alternatively, that

if his policy is ambiguous, it should be construed in his favor to provide underinsured motorist limits in excess of that provided by the at-fault driver. For the reasons stated below, we reverse and remand.

## Background

On September 7, 2016, Loomis filed an amended petition alleging that "[o]n or about March 20, 2014," he was involved in an accident. State Farm admitted this allegation in its answer to the amended petition.

Loomis filed a motion for summary judgment. In his motion, memorandum in support thereof, and statement of uncontroverted material facts, Loomis alleged that the accident occurred March 20, 2014. In his statement of uncontroverted material facts, however, Loomis also alleged that "State Farm acknowledges that coverage was in force and effect as of the accident of *March 10, 2014*." (emphasis added). To support this allegation, Loomis referred to an affidavit attached as an exhibit from State Farm representative Jessica Christianson in which Christianson states coverage was cancelled March 12, 2014, and "State Farm stipulates and agrees that coverage was in force and effect as of the accident of *March 10, 2014*." (emphasis added). In response to Loomis' statement of uncontroverted material facts State Farm admitted the accident occurred on March 20, 2014, and also on March 10, 2014. In addition, State Farm added a statement of additional uncontroverted material facts in opposition to Loomis' motion for summary judgment in which State Farm alleged the accident occurred March 10, 2014. In response, Loomis admitted the accident occurred March 10, 2014.

State Farm also filed a motion for summary judgment. In State Farm's motion, memorandum in support thereof, and statement of uncontroverted material facts, State Farm alleges that the accident occurred on March 20, 2014. In its memorandum and statement of uncontroverted material facts, State Farm also alleges coverage was canceled March 12, 2014, and the accident occurred on March 10, 2014. In Loomis' response to State Farm's statement of uncontroverted material facts Loomis admitted the accident occurred on March 20, 2014, and on March 10, 2014.

Despite the mutual inconsistencies in the accident date alleged, the trial court entered judgment in favor of State Farm after holding a hearing on the cross-motions for summary judgment. Loomis appealed. On appeal, Loomis alleges in his statement of facts that the accident occurred on March 10, 2014, while State Farm alleges in its statement of facts that it occurred on March 20, 2014.

## Standard of Review

We review de novo the trial court's ruling on cross-motions for summary judgment. *Scottsdale Ins. Co. v. Addison Ins. Co.*, 448 S.W.3d 818, 826 (Mo. banc 2014). Summary judgment is appropriate if no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

As the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to a trial court's order granting summary judgment. *Id.* "[W]here the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper." *Id.* at 378.

A "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradic-

tory, accounts of the essential facts. *Id.* at 382. "[A]ny evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing." *Id.* "Materials submitted by the movant that are, themselves, inconsistent on the material facts defeat the movant's prima facie showing." *Id.*

The parties agree we apply Wyoming law to insurance coverage matters in this case, but we apply Missouri law to procedural matters, such as summary judgment. *Ameristar Jet Charter, Inc., v. Dodson Int'l Parts, Inc.*, 155 S.W.3d 50, 58 (Mo. banc 2005).

## Analysis

■ Loomis raises two points on appeal. First, applying Wyoming law, Loomis contends that the trial court erred in granting summary judgment in favor of State Farm because the policy defined whether Loomis was entitled to underinsured motorist coverage in one of two ways: 1) his actual damages minus any payments by the driver or 2) the amount listed on his declarations page minus any payments by the driver. Loomis asserts that because no declarations page was ever issued, the policy is unambiguous and the amount of underinsured motorist coverage he is entitled to is governed by his actual damages minus any payments by the driver. Second, Loomis argues that to the extent the lack of a declarations page created an ambiguity in the interpretation of the policy, the trial court erred in failing to construe the "limits" language in Loomis' favor to provide underinsured motorist limits in excess of that provided by the at-fault driver. State Farm asserts the trial court properly granted summary judgment in its favor because the policy unambiguously defined

an underinsured vehicle as having less coverage than the amount provided under the State Farm policy and thus the at-fault driver's $50,000 policy was not underinsured since it was the same amount of coverage provided to Loomis under the policy. We decline to address these arguments on the merits because we find a genuine issue of material fact exists.

Specifically, we cannot overlook that the record here contains a material disputed fact about when this accident occurred. Both Loomis and State Farm assert <u>and</u> admit to this accident occurring on March 20, 2014, and on March 10, 2014, creating a genuine dispute as to when this accident occurred.

■ Why the record contains two accident dates is unclear. Perhaps this conflict in the record is attributable to "cut and paste" drafting errors by both parties. However, like the trial court, we are bound by the record before us and cannot overlook material in the record that raises a genuine dispute of material fact. *ITT Commercial Fin. Corp.*, 854 S.W.2d at 376-78. Indeed, this fact appears to be quite material since it is undisputed that the policy at issue was cancelled March 12, 2014, thereby calling into question whether coverage existed at all at the time of the accident—which is unclear from the record.

Because State Farm submitted materials which are inconsistent on a material fact, it failed to make a prima facie showing of entitlement to summary judgment.[1] *Id.* at 382. Judgment in favor of State Farm is reversed and the case is remanded to the trial court for further proceedings.

---

1. Had the trial court granted summary judgment to Loomis on the record before us, our

decision would be the same.

## Conclusion

For the reasons stated above, we reverse and remand.

Lisa P. Page, P.J. and Roy L. Richter, J. concur.