Colleen Dolan, J.
Jonathan Loomis ("Appellant") appeals the trial court's grant of State Farm Fire and Casualty Company's ("State Farm's") third motion for summary judgment on Appellant's claim that he was entitled to certain motor vehicle insurance coverage under a temporary binder of insurance issued to him by State Farm. Appellant offers three points on appeal, each arguing that the trial court erred in granting State Farm's motion for summary judgment. We find that there is a genuine issue of material fact regarding the underinsured motor vehicle coverage limits set by the insurance binder issued by State Farm. We therefore reverse the trial court's grant of State Farm's motion for summary judgment, and remand to the trial court for proceedings consistent with this opinion.
I. Factual and Procedural Background
While residing in Laramie, Wyoming, Appellant completed and submitted a motor vehicle insurance application for his motorcycle with State Farm on February 5, 2014; on this application, Appellant specifically requested underinsured motor vehicle coverage in the amount of $50,000 per person and $100,000 per accident. Upon receiving Appellant's application, State Farm stipulated that Appellant was granted a temporary "binder of insurance coverage," subject to review of his application. The binder included all of the terms and conditions of three standardized State Farm documents: State Farm Policy Form 9850A, Endorsement 6979ET Motorcycle Coverage, and Amendatory Endorsement 6950A.1. On March 10, 2014, while Appellant's application was still under review by State Farm, Appellant was injured in a motor vehicle accident in Wyoming where another vehicle struck Appellant's motorcycle. Appellant sustained injuries from the accident that required he be airlifted to a nearby hospital.
At the time of the accident, State Farm had not yet issued an actual policy for the insurance for which Appellant had applied. Appellant was thus still covered by the temporary insurance binder issued by *667 State Farm when the accident occurred. Pursuant to the insurance binder, Appellant was granted underinsured motor vehicle coverage when "the total limits of [the at-fault driver's] insurance and self-insurance for bodily injury liability from all sources ... are less than the Underinsured Motorist Vehicle Coverage limits of this policy." The binder of insurance further states that "The Underinsured Motor Vehicle Coverage limits are shown on the Declarations Page under 'Underinsured Motor Vehicle Coverage - Bodily Injury Limits - Each Person, Each Accident[.]' " The binder also states that the most State Farm would pay for damages resulting from bodily injury in an accident is the lesser of:
(1) the limit shown [on the Declarations Page] under "Each Person" reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury, or
(2) the amount of all damages resulting from that bodily injury reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury.
However, no "Declarations Page" was included as part of the binder of insurance, and no such page was ever issued to Appellant. Nor did the binder include Appellant's motor vehicle insurance application. The binder also contained a "Choice of Law" clause that stated "the law of the state ... of Wyoming will control ... in the event of any disagreement as to the interpretation and application of any provision in this policy...." Appellant cancelled his coverage with State Farm two days after the accident; no policy was ever actually issued to Appellant other than the temporary binder of insurance.
Following the accident, Appellant sought to recover damages for the injuries he sustained in the accident from the at-fault driver. Before attempting to settle with the at-fault driver, Appellant sought State Farm's consent pursuant to the obligations of State Farm's underinsured motor vehicle coverage limits, which Appellant claimed exceeded the at-fault driver's insurance coverage limits ($50,000). However, State Farm communicated to Appellant that because the "tortfeasor's liability limits are the same as [Appellant's] underinsured motorist coverage limits, [Appellant] does not have an underinsured motorist claim, per the policy, and as a result, he does not need State Farm's permission to response [sic] the liability claim with [the at-fault driver's insurer]." Appellant ultimately settled with the at-fault driver for her insurance policy limits of $50,000. It is undisputed that Appellant's damages resulting from his bodily injuries sustained in the crash exceeded the $50,000 that Appellant recovered from the at-fault driver.
Appellant, who is currently a resident of Montgomery County, Missouri, filed his petition in the Circuit Court of St. Louis County on April 27, 2015, in Case No. 15SL-CC01430. In his petition, Appellant sought to recover the amount of his damages less $50,000 (the amount he recovered from the at-fault driver under her policy limits) that Appellant alleges is owed to him under the binder's underinsured motor vehicle coverage limits. On April 19, 2017, the trial court granted State's Farm's motion for summary judgment. Appellant appealed the trial court's grant of summary judgment to this Court, which we reversed and remanded in *668 Loomis v. State Farm Fire & Cas. Co., 532 S.W.3d 739 (Mo. App. E.D. 2017), finding that there was a genuine issue of material fact as to when the date of the accident occurred.[1]
On remand, State Farm again filed a motion for summary judgment; in State Farm's statement of uncontroverted material facts and Appellant's response, the parties agreed that the accident occurred on March 10, 2014, and that no policy had been issued to Appellant at the time of the accident. In its memorandum supporting its motion for summary judgment, State Farm asserted that, although no Declarations Page was issued with the binder of insurance, it was unambiguous that the underinsured motor vehicle coverage limit would have been $50,000-as Appellant requested on his application. In opposition, Appellant argued that, because no Declarations Page was issued and because the binder did not include Appellant's application, the underinsured motor vehicle coverage limit was a genuine issue of material fact. Appellant specifically asserted that, because the underinsured motor vehicle coverage limit was not assigned a specific dollar amount by the insurance binder, it was a genuine issue of material fact whether the limit was $50,000 and Appellant was not entitled to recover anything under the binder because the at-fault driver's limit of $50,000 is not less than the limit set by binder (as State Farm claimed) or whether Appellant was entitled to the total sum of his damages less the at-fault driver's insurance policy limit of $50,000. After reading the briefs and hearing the arguments of the parties, the trial court granted State Farm's motion for summary judgment.
This appeal follows.
II. Standard of Review
Although Wyoming law indisputably applies in this case pursuant to the binder's "Choice of Law" clause, we must apply Missouri law to procedural matters, such as summary judgment standards. Loomis, 532 S.W.3d at 742 ; Ameristar Jet Charter, Inc. v. Dodson Int'l Parts, Inc., 155 S.W.3d 50, 58 (Mo. banc 2005) ; see also Sturgeon v. Allied Professionals Ins. Co., 344 S.W.3d 205, 210 (Mo. App. E.D. 2011) ("We recognize that generally parties may choose the state whose law will govern the interpretation of their contractual rights and duties. As long as the application of this law is not contrary to a fundamental policy of Missouri, we will honor the parties' choice of law provision.").
On appeal of a trial court's grant of summary judgment, the standard of review is de novo. Juan v. Growe, 547 S.W.3d 585, 590-91 (Mo. App. E.D. 2018). "Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Renaissance Leasing, LLC v. Vermeer Mfg. Co., 322 S.W.3d 112, 119-20 (Mo. banc 2010) ; Rule 74.04(c)(6). "We review the record in the light most favorable to the non-moving party and afford that party the benefit of all reasonable inferences." Phillips v. Drury Sw., Inc., 524 S.W.3d 228, 230 (Mo. App. E.D. 2017).
In actions arising out of a contract, summary judgment is inappropriate where the disputed language of the contract is ambiguous and parol evidence is required to interpret the contract and the parties' intent. Zeiser v. Tajkarimi, 184 S.W.3d 128, 132 (Mo. App. E.D. 2006). "Summary judgment, therefore, is only appropriate *669 in contract cases where there is no ambiguity and the apparent meaning of contract terms can be determined within the four corners of the document." Vest v. Kansas City Homes, L.L.C., 288 S.W.3d 304, 310 (Mo. App. W.D. 2009).
III. Discussion
The "Choice of Law" clause within the binder of insurance clearly selects Wyoming law as applicable to the facts of this case; as such, we will apply Wyoming law in our analysis of whether the binder was ambiguous as to the underinsured motor vehicle coverage limits. See Sturgeon, 344 S.W.3d at 210. Under Wyoming law, whether a contract is ambiguous is a matter of contract interpretation. Winter v. Pleasant, 222 P.3d 828, 833 (Wyo. 2010). "The primary goal [of contract interpretation] is to determine the intention of the parties from a close reading of the document language and by interpreting the terms of the document according to their plain and ordinary meaning." Davison v. Wyoming Game and Fish Comm'n, 238 P.3d 556, 560 (Wyo. 2010). However, if a contract can be read more than one way, it is ambiguous. Id. Whether a contract is ambiguous is a matter of law for the court to decide. Ultra Resources, Inc. v. Hartman, 226 P.3d 889, 905 (Wyo. 2010). "[I]f the contractual language is ambiguous, a question of fact is presented and summary judgment typically is not warranted." Hopkins v. Bank of West, 311 P.3d 151, 155 (Wyo. 2013).
In this case, it is clear that the binder of insurance issued to Appellant by State Farm was ambiguous because it referenced a "Declarations Page"-which was supposed to set the dollar amounts for underinsured motor vehicle coverage limits-that was not included in the binder and never given to Appellant. Thus, there is no specified dollar amount attributed to the underinsured motor vehicle coverage limits within the binder of insurance. The binder states that underinsured motor vehicle coverage is granted to Appellant only when the total limits of the at-fault driver's insurance are less than the underinsured motor vehicle coverage limits that were supposed to be shown on the "Declarations Page." The binder further states that State Farm will pay the lesser of (a) the limits shown on the "Declarations Page" or (b) the amount of all damages resulting from bodily injury reduced by the sum of all payments for damages resulting from that bodily injury made by or on behalf of any person or organization who is or may be held legally liable for that bodily injury.
Without a stated value for the underinsured motor vehicle coverage limit, it is impossible to determine whether the limit exceeds the $50,000 recovered under the at-fault driver's insurance limits, and whether Appellant is entitled to the amount of his damages less the $50,000 recovered under the at-fault driver's limits. "Where a contract is silent on a particular matter that easily could have been drafted into it, a court should refrain from supplying the missing language under the pretext of contract interpretation." Gumpel v. Copperleaf Homeowners Assoc., Inc., 393 P.3d 1279, 1293 (Wyo. 2017). "Courts are not at liberty to rescue parties from the consequences of a poorly made bargain or a poorly drafted agreement by rewriting a contract under the guise of construing it." Id. at 1293-94. The trial court erroneously did exactly that in this case. Although it is undisputed that there was no "Declarations Page" included in the binder of insurance and that the underinsured motor vehicle coverage limit is not stated anywhere else in the binder, the trial court seemingly concluded that the limit would have been $50,000 (as Appellant requested in his application).
*670 That conclusion, however, cannot be reached by reading the plain language of the binder, as the binder does not assign a specific dollar amount for the underinsured motor vehicle coverage limits. To reach that conclusion, the trial court would have had to consider Appellant's application, which is not part of the binder and therefore not contained within the four corners of the contract. While extrinsic evidence may be used to interpret a contract, see Davison, 238 P.3d at 560, the trial court may not grant summary judgment when the use of such extrinsic evidence is required to give a contract an allegedly intended meaning. Zeiser, 184 S.W.3d at 132-33 ("Where a contract is ambiguous, then a question of fact arises as to the intent of the parties as to its meaning, and thus it is error to grant summary judgment. Rather, the determination of the parties' intent should be left to the jury."). Additionally, Appellant argues that there was a possibility that State Farm might have granted him a higher underinsured motor vehicle coverage limit than what he requested. No matter how unlikely that may be, the binder does state that State Farm may unilaterally change the provisions of its policy to give broader coverage without an additional premium charge; as such Appellant's contention that State Farm may have granted an underinsured motor vehicle coverage limit greater than $50,000 (the amount he requested on his application) is supported by the language used within the binder. Regardless, because it is indeterminable what the underinsured motor vehicle coverage limit was from examining only the binder of insurance, there is a genuine issue of material fact present that makes summary judgment inappropriate in this case.
IV. Conclusion
Because the binder itself is ambiguous as to what the underinsured motor vehicle coverage limits are, there is a genuine issue of material fact present. Summary judgment is inappropriate in this case because extrinsic evidence is required to determine what the limits would have been. Thus, the trial court erred in granting State Farm's third motion for summary judgment. We reverse the trial court's grant of State Farm's motion for summary judgment, and remand for proceedings consistent with this opinion.
Kurt S. Odenwald, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

Both Appellant and State Farm asserted and admitted that the accident occurred on March 10, 2014, and March 20, 2014.